## KAPPES *v.* STATE OF INDIANA.

[No. 13,632.   Filed May 16, 1929.]

*G. Edwin Johnston* and *Richard L. Ewbank*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *Harry L. Gause*, Deputy Attorney-General, for the State.

McMAHAN, P. J.—Appellant was charged by indictment with unlawfully selling intoxicating liquor to Benny Murphy on or about June 30, 1924. He was tried May 23, 1925, before a jury, found guilty, and his punishment fixed at a fine of $100 and imprisonment in the county jail for thirty days. His motion for a new trial was overruled, and judgment in accordance with the verdict, hence this appeal.

On the day of trial, appellant filed an application for a continuance, because of the absence of his wife, Edith Kappes. This application was overruled. Appellant claims this was reversible error. The application, after referring to the charge in the indictment that appellant had sold intoxicating liquor to Benny Murphy on June 30, 1924, stated that appellant's wife, Edith, would testify "that upon that day, and for all time previous to that date and subsequent thereto, this defendant did not sell any intoxicating liquor to one Ben Murphy at any time, and that said Ben Murphy did not buy any intoxicating liquor from deponent, as charged in said indictment." There is no statement that she would testify that, at the time when it was claimed the offense was committed, she was in the county or even in the state, or that she saw her husband at the time, or knew or saw Benny Murphy and was present at or about the time when it was claimed her husband made the alleged sale. In the absence of facts

showing that the testimony which the absent witness would give was competent and properly admissible, it was not error to overrule the application. In the absence of any showing that she was in a position to know the facts to which it is claimed she would have testified, it is manifest that it would have been beyond her power to truthfully say appellant at no time, either before or after the date named in the indictment, sold any intoxicating liquor to the party named. It is not stated that she was present or knew of her own knowledge anything about the matter. Unless the witness was in a position to have knowledge of the facts, she would not have been permitted to testify as to such facts. The statement as to what the witness would testify appears to us to be but an opinion, which the witness, if present, would not have been warranted in expressing on the witness stand. The court did not err in overruling the application for a continuance.

The next contention is that the court erred in giving on its own motion instruction 7, by which the court told the jury that if it found the "defendant sold wine which was intoxicating," it should find him guilty. In support of this contention, appellant says there was testimony of sales of intoxicating liquor to Milford Lacy and to persons other than Benny Murphy, and that this instruction authorized a conviction for an offense not charged in the indictment.

Benny Murphy and Milford Lacy were the only witnesses who testified for the State. Murphy testified that, on several occasions, he, in company with other boys, including Lacy, went to the home of appellant and bought wine; that he paid $1 a quart. He was not able to fix definitely the time of any purchase, but knew Lacy was with him; that, on this occasion, it was dark; that he did not go in the house, just on the porch, where he waited for appellant to get the wine. Milford Lacy

testified that he was along when Murphy got some wine; that they "chipped in" and paid for it. He testified that he was along with the boys several times when they got wine at appellant's house. On cross-examination, this witness left the impression that on one occasion he gave appellant some money for a quart of wine, but did not remember whether Murphy was along that time; on the occasion when he, witness, was with Murphy, he did not see appellant; that he stayed in the automobile.

The two boys were examined, cross-examined, re-examined and re-cross-examined several times relative to the sale of liquor to Murphy. The testimony quite clearly shows that Murphy had been at the home of appellant five or six times for the purpose of buying wine; that, on each of these occasions, he was accompanied by one or more other boys, Lacy being one of them; that on these occasions the money would be given to Murphy and he would get the wine from appellant and pay for it. No attempt was made to prove a sale to any person other than Murphy. It was incidentally shown by Lacy that he had, on one occasion, purchased some wine from appellant, and that he did not remember whether Murphy was with him or not. The charge in the indictment was that appellant sold intoxicating liquor to Murphy. The evidence introduced by the State was directed to proof of such a sale.

The court, by its instructions, informed the jury as to the nature of the charge, and that the burden was on the State to prove the guilt of the defendant. The court, in this connection, told the jury that it was unlawful to sell wine that was intoxicating and that, if it found the defendant sold wine that was intoxicating, it should find him guilty. The court gave the jury sixteen instructions, one of which was given at the request of appellant. Appellant tendered ten instructions to the court with a request that they be given.

No reference was made in any instruction given, or in any instruction tendered, to any evidence tending to prove a sale to any person other than Murphy. The testimony of Murphy and Lacy is sufficient to show a sale of intoxicating liquor by appellant to Murphy as charged in the indictment. Appellant testified that he did not know Lacy and that he never sold any liquor to Murphy. It is clear that this case was tried and decided upon the charge of a sale to Murphy, and that the instruction complained of did not amount to a reversible error. There is no doubt but that the court, in this instruction, referred to a sale to Murphy as charged in the indictment and that the jury and the defendant at the time so understood the instruction. It would be a miscarriage of justice to reverse this case for a technical inaccuracy in the wording of an instruction that was harmless.

Appellant next contends the court erred in refusing to give his tendered instructions 6 and 10, on the subject of the presumption of innocence. While we see no objection to these instructions, they were fully and sufficiently covered by instruction 13, given by the court on its own motion.

Complaint is also made of certain alleged misconduct of the trial judge in asking certain questions of the witnesses Murphy and Lacy. The record, however, fails to show that any objection was made or that any exception was taken to the action of the judge. It follows that no question is presented in relation to this matter.

Judgment affirmed.