## HARMON GRAY *v.* STATE OF INDIANA.

[No. 677S397. Filed April 18, 1978.]

*Richard C. Brunt,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

HUNTER, J.—The defendant, Harmon Gray, was convicted by a jury of commission of a felony while armed, to-wit: robbery, and was sentenced to a term of thirty years' imprisonment. He now appeals and contends that two photographs were erroneously admitted into evidence. The facts in the record most favorable to the state show that an appliance store was robbed by two men in November, 1975. Dennis Dugan, who was an employee of the appliance store, and one of his friends were present during the robbery. Dugan was forced at gunpoint to give the robbers some money and an envelope containing checks made out to the store. The robbers then bound Dugan and his friend with tape and put them in the store's rest room. Five television sets were also taken. The defendant was apprehended later the same night and had the envelope containing the stolen checks in his pocket. The five television sets were recovered in the garage of one of the defendant's friends.

Dugan gave a description of the robbers to the police immediately following the robbery. He described the robber who had the gun as having a beard. Two days later, Dugan identified the defendant through pictures at police headquarters. Although the picture he picked out showed the defendant without a beard, Dugan testified he was able to identify him

through his facial characteristics. Dugan also testified that he told police, "This is the man, but he had a beard."

During the trial, Dugan positively identified the defendant as one of the robbers. Then, on cross-examination, the defendant tried to attack Dugan's identification by showing some variances between Dugan's description of the defendant on the night of the robbery and at trial. It was proper for the state to rebut this attack on Dugan's identification by introducing into evidence the photograph which Dugan had identified at the police station and the photograph of defendant as he appeared on the night of the robbery.

Both these photographs showed a single, frontal pose of the defendant from the shoulders up. The lower portion of one photograph had been covered with white paper, so no sign with defendant's name was visible. The other photograph stopped at the shoulders so no sign was visible there either. In both photographs defendant was wearing a colorful sport shirt. While it may have been likely that the jury would infer that these photographs were "mug shots," the state had done everything possible to minimize any prejudicial inferences.

The defendant contends that since both of these photographs were "mug shots," they were highly prejudicial and their admission was reversible error. It is true that as a general rule, when a defendant does not take the stand or otherwise place his character in issue, "mug shots" are not properly admissible when they tend to prove or imply that the defendant has a criminal record. *Shindler* v. *State,* (1975) 166 Ind. App. 258, 335 N.E.2d 638; *Saffold* v. *State,* (1974) 162 Ind. App. 6, 317 N.E.2d 814; *Baynard* v. *State,* (1972) 259 Ind. 336, 286 N.E.2d 844; *Blue* v. *State,* (1968) 250 Ind. 249, 235 N.E.2d 471.

If, however, the state can demonstrate that the photographs have some substantial evidential value independent of other evidence, and that they are not unduly prejudicial, they may be admissible. *Ringham* v. *State,* (1974) 261 Ind. 628, 308 N.E.2d 863; *Saffold, supra.*

In the instant case, the photographs of the defendant did have probative value beyond the testimony of other witnesses. By comparing these photographs the jury was able to determine for themselves how Dugan had been able to identify the defendant from his facial characteristics in the photograph without a beard. They could also compare the difference in defendant's appearance at trial and the description of his appearance on the night of the robbery. Furthermore, the defense necessitated the introduction of these photographs by questioning the identification on cross-examination.

We find there was no error in admitting the photographs under the circumstances of this case. The appearance of the defendant had changed between the time of identification and the time of trial; the defense brought up the issue of identification necessitating a rebuttal by the state; and the state had minimized the prejudicial effect of the photographs by having only a single, frontal pose with no signs showing on defendant's chest.

For all the foregoing reasons there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 374 N.E.2d 518.