**Daniel LAWRENCE, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 280S55.

Supreme Court of Indiana.

Nov. 26, 1980.

Rehearing Denied Jan. 27, 1981.

Nile Stanton, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Michael Gene Worden, Asst. Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of armed rape after trial by jury and was sentenced to thirty (30) years imprisonment. This direct appeal presents the following issues:

(1) Whether or not the trial court erred in sustaining the State's objection to a question asked of the victim at a deposition.

(2) Whether or not the trial court erred in admitting into evidence a photograph of the defendant, which was taken by the police following his arrest on another charge.

## ISSUE I

On July 23, 1979 the defendant deposed the prosecutrix. She was asked if she recalled making a statement to the physician who examined her at the hospital that the alleged rape was her first sexual intercourse experience. The State objected and the prosecutrix refused to answer. The basis of the objection was that the question was precluded by Indiana's rape shield statute, Ind. Code § 35–1–32.5–1, et seq. (Burns 1979).

Defendant filed a certificate of refusal to answer with the trial court on August 10, 1979. The record indicates numerous proceedings occurred between August 10, 1979 and the date of trial, September 17, 1979.

On September 17, 1979 just prior to reading its preliminary instructions to the jury, the trial court published the victim's deposition and sustained the State's objection to the certified question.

The notary before whom the deposition was taken certified the question and the refusal to answer to the court " * * * for such action as this Court may deem proper.", which certification was filed with the court, presumably by Defendant's counsel on August 10, 1979. However the court took no action thereon until September 17, 1979, the day of trial, at which time it sustained the State's objection to the question.

Defendant now seeks a new trial premised upon the proposition that the rape shield statute is applicable only to render certain evidence inadmissible in the presence of the jury and that by its invocation and application to the deposition, his discovery rights were thwarted. He also contends that the question was relevant to potential defenses and that it was necessary for him to make an informed decision as to whether to proceed under Ind.Code § 35–1–32.5–3 but that, without an answer to the question, he could not make the required offer to prove. We perceive this also to be a discovery procedure problem.

We find it unnecessary to consider whether or not the court erred in determining, as it did, that the witness was warranted in refusing to answer the question. The matter could have been litigated in advance of trial by adjourning the deposition until the defendant could seek an order of the court requiring the witness to answer. In the same proceeding, the State could have sought a protective order, all as provided by our Rules of Trial Procedure relating to discovery. The defendant sought no such order. The mere filing of the Notary's certification did not perform that function, and there was nothing to apprize the trial court that the defendant desired a ruling regarded as being material to his discovery. In the context of the certification, the court properly ruled that the question was proscribed at trial. In the context of discovery rights, the question was moot, as discovery had been completed and the trial had commenced.

Even if we were to regard the certification of the question to fill the station of a motion to order the witness to answer, by proceeding to trial without obtaining a ruling thereon, the defendant waived any error that might have resulted. *Chustak v. Northern Indiana Public Service Company*, (1972) 259 Ind. 390, 394, 288 N.E.2d 149, 152 (Error asserted concerning motion to produce documents waived where record does not show that the trial court ruled on the motion). *See Misenheimer v. State*, (1978) 268 Ind. 274, 288–89, 374 N.E.2d 523, 527 (No ruling on defendant's request for admonishment to jury waives asserted error in trial court's failure to admonish); *Jaudon v. State*, (1970) 255 Ind. 114, 116, 262 N.E.2d 851, 852 (Defendant may not claim error in this court where trial court did not rule on his motion); *Reed v. State*, (1895) 141 Ind. 116, 119, 40 N.E. 525 (Assertion of error in prosecutor's misconduct waived where the defendant fails to obtain a ruling on his objection). *See also Cody v. State*, (1973) 259 Ind. 570, 575, 290 N.E.2d 38, 41, *cert. denied*, (1974) 416 U.S. 960, 94 S.Ct. 1978, 40 L.Ed.2d 311 (Defendant is required to file a second motion for immediate trial to invoke his speedy trial rights where the date for trial obtained by the first motion must be continued due to defendant's action); *Rudy*

*v. State*, (1976) 168 Ind.App. 73, 81, 341 N.E.2d 516, 520 (same). *Cf. Williams v. Travelers Insurance Company*, (1975) 49 Cal.App.3d 805, 810, 123 Cal.Rptr. 83, 85 (Objections to interrogatories must be presented to trial court in a timely fashion); *Chaison v. LeBlanc*, (1978) La.App., 363 So.2d 87, 90 (Objection to deficiency in notary's certification of deposition waived where Defendant filed no motion to suppress deposition prior to entry of default judgment); *Baylor University Medical Center v. Travelers Insurance Company*, (1979) Tex.Civ.App., 587 S.W.2d 501, 506 (Objections going to the form or manner of taking of deposition are waived if not raised prior to trial); *Atwood v. Kerr*, (1978) 136 Vt. 515, 516, 394 A.2d 1132, 1133 (same); Ind.R. Tr.P. 32(D).

## ISSUE II

The trial court admitted into evidence, without objection, a single photographic print showing both the front and profile views of the defendant. A police officer testified that this photograph was selected by the victim from a photographic display as depicting the man who raped her. After it was admitted into evidence, the officer testified that the picture was taken in April, 1978, which was approximately two months prior to Defendant's arrest for the instant offense. The defendant moved the trial court to strike the photograph because it was a "mugshot" and implied that he had a prior record. After some discussion out of the jury's presence, Defendant's motion was overruled. Defendant then made a motion for mistrial, which was also overruled.

█ Our standard of review for police file photographs admitted at trial, which were taken in connection with a different charge, is stated in *Gray v. State*, (1978) 268 Ind. 177, 374 N.E.2d 518. If the State proves that the photograph in question is not unduly prejudicial and that it has substantial evidential value independent of other evidence, it is admissible. Id. at 179, 374 N.E.2d at 520.

█ The photograph itself was not unduly prejudicial. While the picture does show both frontal and profile views of the defendant, it had no other markings or writing which would indicate that it was taken by the police. *See Blue v. State*, (1968) 250 Ind. 249, 235 N.E.2d 471, 30 A.L. R.3d 902.

The police officer who testified merely testified as to the time when the picture was taken. He gave no testimony as to why it was taken. *See Fox v. State*, (1980) Ind.App., 399 N.E.2d 827, 830.

We think the State did everything possible to minimize the likelihood that any prejudicial inferences would be drawn by the jurors. *Gray v. State, supra.*

At the time of the rape, the rapist had long hair and a goatee. These features are prominent in the photograph of the defendant aforementioned. At trial, the defendant had short hair and was clean–shaven. The victim, however, identified the defendant as the one who had raped her, despite his altered appearance. The defendant proffered an alibi and cross examined the victim extensively, challenging her ability to identify him.

With the photograph the jury was able to determine for themselves how the victim had been able to identify the defendant from his facial characteristics. "They could also compare the difference in defendant's appearance at trial and the description of his appearance on the night of the (rape). Furthermore, the defense necessitated the introduction of (this photograph) by questioning the identification on cross–examination." *Gray v. State, supra.*

As in *Gray*, where the defendant's appearance changed between the time of identification and the time of trial; the defendant challenged the identification; and the State minimized any prejudical effect the photograph might have had, we find no error in the admission of this evidence under the circumstances of this case.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.