**Almquist COLLINS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 381S53.

Supreme Court of Indiana.

March 5, 1982.

Joseph O'Connor, O'Connor & Weigle, Hammond, for appellant.

Linley E. Pearson, Atty. Gen., Aimee L. Kolze, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Attempted Murder, Ind.Code §§ 35–42–1–1 and 35–41–5–1 (Burns 1979) and was sentenced to a term of thirty-five (35) years imprisonment.

This direct appeal seeks review upon the following issues:

(1) Whether there was sufficient evidence of guilt to sustain the conviction?

(2) Whether the Defendant was denied effective assistance of counsel?

## ISSUE I

The evidence most favorable to the State discloses that on November 2, 1979, Winston Cunningham, the victim, and the defendant were together at the residence of their mutual acquaintance, Andre Kyles. They had a conversation about some prior offense between them, with Defendant accusing Cunningham of not acting right towards him and Cunningham suggesting they forget their past differences and be friends.

Cunningham requested Defendant to drive him home, and he agreed. The three then departed in Defendant's automobile with Kyles driving, Cunningham in the front passenger seat and the defendant in the rear passenger compartment.

After they had driven for awhile, Kyles said "this is where the bitch lives." Cunningham turned his head to look, felt a sharp gunshot wound to his neck and lost most feeling in his body. Kyles then said "Shoot the punk motherfucker again," and the defendant shot him again. He then lost consciousness. During this episode, Cunningham was facing Kyle, who had one hand on the steering wheel and the other on the front seat beside him. The defendant was sitting behind Cunningham. Cunningham was left in the street, and the police found him a number of hours later. His injuries left him paralyzed from the neck down.

Defendant contends that the evidence was insufficient to sustain his conviction for attempted murder. He argues that the only evidence supporting the jury's verdict was the uncorroborated evidence of the victim regarding the events of the shooting, and the circumstantial evidence:

> "Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed.
>
> In such a review we will not weigh conflicting evidence nor will we judge the credibility of the witnesses." (citations omitted).

*Loyd v. State*, (1980) Ind., 398 N.E.2d 1260, 1264, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

■ Defendant acknowledges the aforestated rule of appellate review and also acknowledges that a conviction may be sustained upon the uncorroborated testimony of the victim alone; *Lewis v. State*, (1976) 264 Ind. 288, 294, 342 N.E.2d 859, 863 or upon circumstantial evidence alone, *Williams v. State*, (1979) Ind., 395 N.E.2d 239, 245, but he asserts that no reasonable jury could have found him guilty beyond a reasonable doubt because of a failure of proof by substantial and probative evidence, but we disagree. He points primarily to the absence of eye witness testimony to the firing of the shots and to the absence of medical testimony affirming the cause of Cunningham's injuries. Under the circumstances of this case, neither was necessary.

The inference drawn by the jury was quite reasonable and logical.

■ From the evidence recited, a reasonable man could find, beyond a reasonable doubt, that Defendant intended to kill Cunningham and took a substantial step towards that end. The evidence, therefore, is sufficient to sustain the verdict.

## ISSUE II

Defendant contends that the trial court's denial of his motion for a continuance to allow his counsel adequate time to prepare his defense, in effect, denied him his right to the assistance of counsel and to a fair trial.

On January 16, 1980, Defendant appeared in person and requested a continuance to enable him to retain private counsel. The request was granted and the cause continued to January 18th for arraignment.

At the January 18 hearing, Defendant was found to be indigent. Public Defender, Szarmach was appointed to represent him, and the cause was continued to January 24 for arraignment. On that date, Defendant, with counsel, entered a plea of not guilty. Defendant's motion for pre-trial discovery was sustained and a motion for bond reduction was made. Hearing on that motion was set for February 1.

The bond reduction motion was heard and denied on the day scheduled; and an oral motion for change of judge was granted. At the same hearing, the special judge was selected, and the cause continued to February 8. The special judge qualified on February 4, however, and rescheduled the cause for omnibus hearing on February 22. On that day, Defendant was again examined and determined to be an indigent, and Public Defender Ruff was appointed to replace Szarmach. The motion for bond reduction was renewed, and the matter continued to March 5.

At the March 5 hearing, evidence was heard on the bond reduction motion. The motion was again denied, and the cause was set for an omnibus hearing on March 20.

On March 18, Defendant filed a lengthy *pro se* motion and supporting memorandum for release upon his own recognizance, which motion was denied, without a hearing. On March 20, the matter was continued *sua sponte* to March 21; and on March 21st was continued to March 24 on Defendant's motion. On that day, it was determined that there were no further issues for omnibus hearing, and the cause was set for trial by jury on September 2, 1980.

On August 26, the State filed a motion to compel Defendant to produce a list of witnesses whom he intended to produce. The motion was heard, with Public Defender Lewis present and representing Defendant, and the motion was sustained. The record does not reflect the reason for the representation by Public Defender Lewis. At this hearing, the trial date of September 2 was again reaffirmed.

On August 28, Public Defender Lewis filed a written motion for continuance in the words and figures following:

"Comes now the defendant, Almquist Collins, by his Public Defender, Robert L. Lewis, and requests the Court to continue the Jury Trial which is set the 2nd day of September, 1980, for the following reasons:

"1. That the defendant is going to request new counsel.

"2. That due to the unusual circumstances of his two (2) witnesses his present counsel would need additional time to prepare."

The motion was denied, with Defendant present. Defendant requested the appointment of another public defender, which motion was denied with leave granted, however, for the Defendant to retain other counsel of his choice, at his expense. The September 2 date was again reaffirmed.

On September 2, the Defendant, Public Defender Lewis and the prosecutor appeared and Defendant moved for leave to change his plea. A hearing was held thereon outside the presence of the veniremen, and the motion was withdrawn. The cause then proceeded to trial by jury, with Defendant represented by Public Defender

Lewis. The jury was selected and sworn and the cause recessed until September 3.

Evidence was presented on September 3 and 4 and the verdict returned on the latter date.

■ The right to assistance of counsel embodies the corollary right to adequate time for preparation. *Powell v. Alabama,* (1932) 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158. However, a continuance in order to allow more time for preparation will be granted only for good cause, the determination of which lies within the sound discretion of the trial court. *Miller v. State,* (1971) 256 Ind. 296, 268 N.E.2d 299. The trial court's ruling upon such a matter will be disturbed only if there is a clear showing of an abuse of discretion.

■ Defendant was represented by counsel throughout the proceedings. The record does not reflect the reason for the changes of counsel, although it does reflect that Defendant wanted even another change at the eleventh hour. There is nothing about the record that suggests that counsel was not as well prepared as possible. There is nothing to suggest that any plausible defense was available or that defense counsel could do other than to require the State to meet its burden of proof and to subject the credibility of its witnesses to scrutiny, to the extent possible.

There is no basis in the record for the belief, at the time the continuance motion was denied, either that trial counsel did not have the benefit of his predecessors' preparation or that there was anything about the case that rendered the time remaining inadequate. There was, therefore, no error in denying the motion.

We have also examined the transcript of the trial and have found no indication that counsel was ill prepared or other than adequate in his representation.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.