STATE of Indiana, Appellant
(Plaintiff Below),

v.

Norman CLANTON, Jr., Appellee
(Defendant Below).

No. 3–582A100.

Court of Appeals of Indiana,
Third District.

Dec. 21, 1982.

Linley E. Pearson, Atty. Gen., Indianapolis, Jack F. Crawford, Prosecuting Atty., Lake County by Robert G. Berger, Deputy Pros. Atty., Crown Point, for appellant.

Susan K. Carpenter, Public Defender of Indiana, Paul Levy, Deputy Public Defender, Indianapolis, for appellee.

STATON, Judge.

### ON PETITION FOR REHEARING

Norman Clanton, Jr. filed a petition for post-conviction relief. The trial court granted the petition and ordered a new trial. The State appealed and this Court reversed, holding that the admission of testimony that the victim identified Clanton prior to trial from photographs at the police station did not warrant a new trial. Clanton now petitions for rehearing, contending that our decision contravenes ruling precedent in three respects:

(1) This Court failed to apply the correct standard of review;

(2) This Court erred in holding that the use of the term "mug shot" was dispositive; and

(3) This Court erred in disturbing the trial court's finding that "admission of the police file photographs was without substantial independent probative value." (Petition at 2).

The Petition for Rehearing is denied, Ind. App., 441 N.E.2d 44.

### I.

Clanton contends that, in a post-conviction relief proceeding,

"the trial judge is the sole judge of the weight of the evidence and only where

that evidence is without conflict and leads unerringly to a result other than that reached by the trial court will his decision be set aside. *Gosnell v. State,* (1982) Ind. 439 N.E.2d 1153; *Lloyd v. State,* (1979), Ind., 383 N.E.2d 1048." (Petition at 1–2).

However both cases cited in the petition were appeals from the *denial* of a petition for post-conviction relief. The standard was more fully stated in *Roberts v. State* (1975), 263 Ind. 53, 54, 324 N.E.2d 265, 266:

"A decision of a trial court *against the party bearing the burden of proof* will not be set aside on appeal unless the evidence is without conflict and leads unerringly to a result not reached by the trial court."

(citations omitted) (emphasis added) (cited in *Lloyd v. State, supra* which was cited in *Gosnell v. State, supra* ).

■ The proceedings on a petition for post-conviction relief are governed by the rules and statutes applicable to civil proceedings and the petitioner has the burden of proving his claims by a preponderance of the evidence. Ind.Rules of Procedure, Post-Conviction Rule 1, § 5. Therefore, when the petition is denied, the petitioner who appeals "stands in the position of one appealing a negative judgment." *Dean v. State* (1982), Ind., 433 N.E.2d 1172, 1180. The standard of review is that used for review of a negative civil judgment. *See Campbell v. City of Mishawaka* (1981), Ind. App., 422 N.E.2d 334, 336 (*trans. denied* ).

In this case Clanton won at the trial level. The State did not bear the burden of proof in the trial court; therefore it is not appealing from a negative judgment. The standard advocated by Clanton does not apply. *Cf. State v. Wright* (1978), 267 Ind. 590, 372 N.E.2d 453, *cert. denied,* 439 U.S. 895, 99 S.Ct. 254, 58 L.Ed.2d 240 (petition granted below; on appeal, negative judgment standard not used). Furthermore, the facts were not disputed; at issue are the conclusions drawn from those facts and the law to be applied.

## II.

Second, Clanton contends that the failure to use the term "mug shot" is not dispositive of the issue. The contravening authority he cites is *Strong v. State* (1982), Ind., 435 N.E.2d 969. *Strong* involved an attempt to admit a mug shot into evidence. Clanton is correct that *Strong* does not state that the photograph was referred to as a "mug shot." However, the actual mug shot was admitted and the court found that the attempt to conceal that it was a mug shot was insufficient to prevent prejudice. *Id.* at 971–72. This case is easily distinguished from *Strong* because not only was the term "mug shot" not used, but no mug shot was ever offered for admission.

## III.

■ Third, Clanton contends that the trial court's finding that "admission of the police file photographs was without substantial independent probative value" should not have been overturned. (Petition at 2).

■ Mug shots may be admitted into evidence if the photograph is not unduly prejudicial and has substantial independent value as evidence. *Strong v. State, supra,* p. 972; *Gray v. State* (1978), 268 Ind. 177, 374 N.E.2d 518. At Clanton's trial, no attempt was made to admit mug shots into evidence; therefore the testimony regarding the pre-trial identification does not need to meet the two-part test for admission of mug shots.

Petition for Rehearing denied.

GARRARD, J., concurs.

NEAL, J. (by designation) concurs.