**Andrew Ray SMITH,**
**Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 382S123.**

Supreme Court of Indiana.

Feb. 18, 1983.

David D. Fairman, Indianapolis, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Armed Robbery, Ind.Code § 35–42–5–1 (Burns 1979) and sentenced to twenty (20) years imprisonment. This direct appeal raises two issues:

(1) Whether the trial court erred in admitting into evidence State's Exhibits 1 and 2, a police file photograph and a photograph of a police "line up" both of which depicted the defendant.

(2) Whether the trial court erred in denying Defendant's motion for an overnight recess of the trial, predicated upon the absence of witnesses.

*     *     *

### ISSUE I

■ Over objection the trial court admitted State's Exhibit 1, an array of ten (10) police file photographs, into evidence. The victim had viewed the array, following the incident and had selected Defendant's picture from it. Defendant contends that the photographs are inadmissible "mug shots."

"Our standard of review for police file photographs admitted at trial, which were taken in connection with a different charge, is stated in *Gray v. State,* (1978) 268 Ind. 177, 374 N.E.2d 518. If the State proves that the photograph in question is not unduly prejudicial and that it has substantial evidential value independent of other evidence, it is admissible. Id. at 179, 374 N.E.2d at 520." *Lawrence v. State,* (1980) Ind., 412 N.E.2d 236, 238.

■ As in *Strong v. State,* (1982) Ind., 435 N.E.2d 969, 971–72, the State has failed the first requirement of this test. The photographs at issue were classic "mug shots," head and shoulders frontal view with each subject wearing a chain and plate bearing identifying information. The State affixed a piece of paper to each of nine of the photographs with a paper clip and to the tenth with a staple, in a meager attempt to conceal the prejudicial information. With-

out additional alteration to decrease their potentially prejudicial impact, the photographs should not have been admitted.

Unlike *Strong,* however, we find no reversible error in this case. Defendant testified in support of his alibi defense. Upon cross-examination he admitted his prior convictions for Grand Larceny, Theft, and Shoplifting, and thus placed before the jury direct evidence of that which the prejudicial photograph or mug shot merely inferred. Under these circumstances, the error in the admission of the photographic array was harmless. *Commonwealth v. Zaccagnini,* (1980) Mass.App., 408 N.E.2d 877, 879, affirmed, (1980) 383 Mass. 615, 420 N.E.2d 350; *Commonwealth v. Woods,* (1980) 275 Pa.Super. 392, 403, 418 A.2d 1346, 1352, appeal dismissed, (1982) Pa., 445 A.2d 106. *See Whitten v. State,* (1975), 263 Ind. 407, 412, 333 N.E.2d 86, 90.

Defendant also argues that his photograph had no independent evidential value, inasmuch as he did not raise the issue of identity of the perpetrator until after he had presented his alibi defense. His assessment of the record is incorrect.

■ Initially, Defense counsel cross examined the victim concerning his ability to have viewed his assailant. The victim admitted that the Robber had reached through the window of an automobile and had forcibly removed his glasses however, he added that he needed the glasses only in order to read "small letters," although he did wear them all the time. The witness also admitted that the incident had occurred very quickly. Counsel then changed the scope of his interrogation to other matters, i.e., the number of assailants, two men (Defendant was the gunman), and whether the victim had told the investigating officers, at the scene, that he knew one of the Robbers, the Defendant, but did not know his name. At the close of cross-examination, counsel renewed his inquiry as to the victim's ability to have viewed his assailants:

"Q.   And uh, when the gun was stuck in your neck, you went down on the seat, immediately, is that correct?

"A. That's right.

"Q. Okay. And uh, did you look back up?

"A. No, after I looked at him the first time I didn't look back up.

"Q. Did you get a chance to look at the other fellow that was on the other side of the car?

"A. I was going down but, I couldn't see his face. He was a man.

"Q. So, the only view, you got, of the man who stuck the gun in your neck was an instantaneous view when he put it in the neck and you went down, is that right?

"A. When he put the gun in my neck I looked up at him.

"Q. Then you went down?

"A. Had to.

"Q. And, you didn't see him again after that, is that right?

"A. Huh uh." R. at 158–59.

Under the circumstances, it was proper for the State to utilize the photograph and the victim's out of court identification of Defendant to rebut Defendant's challenge to the credibility of the victim's in court identification. *See Gray v. State,* (1978) 268 Ind. 177, 179, 374 N.E.2d 518, 519.

▮ Defendant also challenged the admissibility of State's Exhibit 2, a photograph of a line-up that had been conducted about two months following the incident. At this line-up, the victim had identified Defendant as his assailant. The photograph depicted six black males, wearing jail clothing. The word "JAIL" prominently appears in upper case letters upon the pant legs of five of the participants. Defendant contends that his arguments with respect to the aforementioned mug shot apply with equal force to the admission of the line-up photograph; however, we find no merit in their application to the issue. The line-up photograph was not admitted until after Defendant had cross examined the victim; consequently it had the same foundation for admission as did his photograph contained in State's Exhibit 1. Additionally, the photograph merely illustrated the testimony of the police officer, who had conducted the line-up and who had related the events of the line-up without objection.

We also perceive no prejudice in admission of the photograph, although Defendant contends, for the first time, on appeal, that the picture had the effect of compelling him to stand trial in jail clothing. We understand this to mean that it had the same prejudicial effect as compelling him to wear jail clothing at the trial would have had. He has not supported such contention with argument, however, and we discern no merit in it.

We find no reversible error in the admission of State's Exhibits 1 or 2.

## ISSUE II

Defendant also contends that the trial court erred in not granting his request for an overnight recess of the trial to enable him to locate two named witnesses, Willie Crooms and John Washington. The trial court had earlier warned the parties that its calendar allowed but one day for this trial, which would continue into the evening hours, if necessary.

Defendant had had subpoenas issued for both witnesses, but neither had appeared. Counsel for Defendant made the problem known to the court, and the court issued a bench warrant for Crooms, notwithstanding that the subpoena had not been served upon him, inasmuch as it was shown by the State that he had been verbally notified to appear. No warrant was issued or requested for Washington, presumably because his whereabouts were unknown. Notwithstanding information given by the defendant as to the whereabouts of Crooms, the Sheriff was unable to locate him.

Upon realizing that neither Washington nor Crooms would be available that day, Defendant, before presenting any evidence, requested that the proceedings be recessed until the following day and supported it with the following representations to the court:

"MR. FAIRMAN: * * * Uh, I am particularly, as is my client, upset over the fact

that Mr. Crooms is not here. Uh, we feel that he has evidence, or the testimony that he would give would be extremely important to our case. In addition to that, there are certain items which Mr. Washington can add, relative to what occurred at the scene of the crime, which we believe are very pertinent and favorable to the defendant's case. * * *." R. at 190.

The motion was denied, whereupon Defendant presented his available evidence and then renewed his motion that the trial be recessed until the following morning. Again, the motion was denied.

With respect to Washington, his absence may have been grounds for a continuance under the provisions of Ind.Code § 35–1–26–1, and Trial Rule 53.4. However, Defendant did not proceed thereunder and from the record made, it does not appear that he had such grounds. In any event, the motion was addressed to the discretion of the trial court. Defendant acknowledged this but appears to seek to distinguish a motion for a recess from one for a continuance and to argue that the considerations applicable to ruling upon one would not be applicable with respect to the other, quoting the following from *Louisville and Southern Traction Company v. Montgomery,* (1917) 186 Ind. 384, 389, 115 N.E. 673, 675:

> "In the present case appellant's oral request for a postponement of the trial pending the Sheriff's return to the attachment (for a missing witness) did not reach the dignity of an application for a continuance and the matter was even more fully within the discretion of the circuit court."

We do not understand such argument. If the court had discretion to grant the motion, it also had discretion to deny it. █ We find no abuse of discretion. Defendant's motion was oral and did not inform the trial court, with specificity, as to what the absent witnesses' expected testimony would be. *See Harrison v. State,* (1975) 166 Ind.App. 602, 611–12, 337 N.E.2d 533, 539, *trans. denied,* (1976) 264 Ind. 708,

344 N.E.2d 293; *Kappes v. State,* (1929) 89 Ind.App. 344, 346, 166 N.E. 298, 299, *trans. denied,* (1931) 202 Ind. 365, 174 N.E. 812. Neither did it represent that he would be able to locate the witnesses over night. *See McGraw v. State,* (1981) Ind., 426 N.E.2d 1290, 1291; *Orms v. State,* (1975) 165 Ind. App. 95, 97, 330 N.E.2d 757, 759.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.