**Frederick MARTIN, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1182S456.

Supreme Court of Indiana.

Sept. 29, 1983.

William L. Soards, Soards & Carroll, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Stephen E. Wolter, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted, after trial by jury, of robbery, Ind.Code § 35–42–5–1 (Burns 1979), found to be an habitual offender, Ind.Code § 35–50–2–8 (Burns Supp.1982), and was sentenced to thirty-eight (38) years imprisonment. This direct appeal presents seven issues for review:

1. Whether the verdict of the jury was contrary to law in that it was not supported by sufficient evidence.

2. Whether the trial court erred in allowing a State's witness to testify as to his emotional reactions after the robbery.

3. Whether the trial court erred in limiting Defendant's cross-examination of a State's witness.

4. Whether the trial court erred in admitting State's Exhibit No. 2, a "mug shot" photograph, into evidence.

5. Whether the trial court erred in denying Defendant's motion for a continuance.

6. Whether the trial court erred by referring, during the habitual offender phase of the trial, to the habitual offender allegation as a separate "Count or Charge."

7. Whether the court erred in admitting State's Exhibit No. 15, an Officer's Arrest Slip, into evidence.

On July 2, 1981, William Griffin, age 66, was sitting in his automobile in a liquor store parking lot talking with an acquaintance. At approximately 3:00 p.m. two individuals approached his car, told him he was drunk, and offered to drive him home. Mr. Griffin refused the offer. The two men then forced their way into the vehicle, and drove him to an alley some distance from the liquor store, where they took his wallet, pushed him out of the car, and drove away.

Police came to the scene, but no report was taken from Mr. Griffin because of his intoxicated condition. He was interviewed by the police later that evening in his home, at which time he gave a description of one of the robbers, including reference to a scar on his forehead. He stated he had seen the man several times before, but did not know his name. On July 4, 1981, Mr. Griffin informed the police that he believed the name of the man he described to be Freddie Martin. On July 9, 1981, he picked Defendant's photograph out of a photographic array and identified Defendant as the one who had driven his automobile during the robbery. He later identified Defendant at a "line-up."

\* \* \* \* \* \*

ISSUE I

Defendant contends that the evidence was insufficient to support the jury's verdict. First, we note our standard of review:

"Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom beyond a reasonable doubt, the verdict will not be disturbed. In such a review, we will not weigh conflicting evidence nor will we judge the credibility of witnesses." *Loyd v. State,* (1980) Ind., 398 N.E.2d 1260, 1264, *cert. denied,* (1980) 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105 (citations omitted).

At trial Mr. Griffin positively identified Defendant as the man who had forced his way into his automobile, taken his wallet, and pushed him out. He testified that he had seen Defendant several times before, and that on the day of the robbery he had a scar on his forehead. Mary Clark testified that Defendant frequented the parking lot by the liquor store, as did Mr. Griffin, that she had seen Defendant in the parking lot on July 2, 1981, shortly before the robbery, and that he then had a scar on his forehead.

A robbery conviction may be sustained on the uncorroborated testimony of one witness. *Brown v. State,* (1982) Ind., 435 N.E.2d 7, 10; *Geisleman v. State,* (1980) Ind., 410 N.E.2d 1293, 1295; *Sheckles v. State,* (1980) Ind., 400 N.E.2d 121, 122. Mr. Griffin's testimony was corroborated by Mary Carter. Defendant's argument that Mr. Griffin was very intoxicated at the time of the robbery, that he identified only one of his assailants—and then only after a delay of one day and that there were no finger prints or other evidence connecting him to Mr. Griffin's automobile, merely invites us to judge Mr. Griffin's credibility and the weight to be given his testimony. This we will not do. The evidence was sufficient to support the verdict of the jury.

## ISSUE II

Defendant claims that the trial court erred in allowing Mr. Griffin to testify, over objection, concerning his emotional reaction after the robbery. During direct examination the prosecutor asked him to describe, emotionally, what his reactions were after he had been shoved out of the car and left in the alley. Defendant objected on the basis that the question was repetitive, and the trial judge overruled the objection. The record reflects that although Mr. Griffin had already testified as to his emotional state while he was in the car with his abductors, he had not testified as to his emotional reactions after the robbers had left. His mental state at that time was relevant to the issue of whether or not he had been put in fear and also to the issue of his capability to identify the Defendant. The question, therefore, was not repetitive.

Moreover, even if the question were regarded as being repetitive, and the answer, therefore, cumulative, the result would not be different. Relevant evidence will not be excluded merely because it is cumulative, *Feller v. State,* (1976) 264 Ind. 541, 545, 348 N.E.2d 8, 13, although it should be excluded if its potential to prejudice the jury improperly outweighs its probative value. *Carroll v. State,* (1975) (Prentice, J., concurring) 263 Ind. 696, 709, 338 N.E.2d 264, 274. The test is one of balance, *Akins v. State,* (1981) Ind., 429 N.E.2d 232, 236; the trial court's ruling upon the admission or rejection of cumulative evidence will not be disturbed absent a clear showing of an abuse of discretion. *Gee v. State,* (1979) 279 Ind. 28, 37, 389 N.E.2d 303, 310. We find no significant disparity between the potential of this question and answer to prejudice the jury and its probative value.

## ISSUE III

Defendant claims that the trial court erred in limiting his cross-examination of Mr. Griffin concerning his knowledge of the scar tissue of black people. Griffin's response had been that he had no knowledge of such matters. There is no indication from the record that the court precluded Defendant from pursuing this line of questioning further or from any interrogation of him. The record discloses that counsel abandoned his line of questioning voluntarily after receiving answers that did not support his theory.

## ISSUE IV

Defendant assigns as error the admission of State's Exhibit No. 2, a "mug shot", of the Defendant into evidence. At trial Defendant objected to the admission of the exhibit on the basis that the identification plate in the photograph was not sufficiently concealed. The trial court agreed and ordered the state to better cover the prejudicial material. Upon the exhibit's admission, the Defendant made an additional objection on the basis that the photograph had no probative value, and that a small portion of the chain holding the identification plate was still visible, from which the jury could infer that the Defendant had had a prior arrest. This objection was overruled, and the exhibit was passed to the jury.

"To sustain the admission of a 'mug shot' taken in connection with a charge other than the one for which an accused is on trial, the State must show that the photograph in question is not unduly prejudicial and that it has substantial evidential value, independent of other evidence." *Strong v. State,* (1982) Ind., 435 N.E.2d 969, 972.

See *Lawrence v. State,* (1980) Ind., 412 N.E.2d 236, 238, and *Gray v. State,* (1978) 268 Ind. 177, 179, 374 N.E.2d 518, 520.

The photograph of Defendant did have substantial evidential value, independent of other evidence. The probative value of Mr. Griffin's identification of the Defendant had been challenged by evidence that he was intoxicated at the time of the robbery.

Griffin had initially told the police that he recognized one of the assailants but did not know his name. Subsequently, after describing Defendant to his lady friend, Mary Clark, and obtaining Defendant's name from her, he reported him to the

police by name. His selection of Defendant's photograph from the police array added credibility to his initial report that he knew his assailant by sight.

Additionally, the "mug shot" did not disclose the scar on Defendant's forehead that had been reported by Griffin as a distinguishing feature that he had observed. By viewing the photograph, the jurors were enabled to determine, for themselves, how Griffin could have identified Defendant from his facial characteristics, notwithstanding that he had accumulated the scar subsequent to the photograph's having been made. *See Gray,* 268 Ind. at 180, 518 N.E.2d at 520.

While it is true that this Court has previously held admission of photographs similar to the one here to be error, *Miller v. State,* (1982) Ind., 436 N.E.2d 1113; *Strong v. State,* (1982) Ind., 435 N.E.2d 969, those cases are distinguishable factually from the case at bar. In *Miller* there had been no attempt whatsoever to conceal the inadmissible portions of the photograph, while in *Strong* the attempted concealment was so inadequate that any juror could easily have been subjected to a prejudicial view of the arrest information. In both of these cases, the defendant had testified without any mention of a prior record having been made on cross-examination. Moreover, in *Miller,* a rape case in which the defense was consent, the photograph had no probative value whatsoever and had been offered solely for the purpose of "tarnishing the Defendant's image in a case that hinged entirely upon his credibility." *Miller,* 436 N.E.2d at 1121.

Admission of the prejudicial material in both *Strong* and *Miller* permitted inadmissible evidence impeaching the defendants' credibility to go before the jury in situations where their credibility was a significant factor in their defense. Admission of the photographs in *Strong* and *Miller,* therefore, significantly affected the defendants' substantial rights. By contrast, Defendant here did not testify. His credibility was never an issue in the trial. Moreover, the photograph was covered in such a way as to adequately obfuscate the objectionable material.

We find that there was substantial evidential value in the exhibit, independent of other evidence, and that the potential of its admission to improperly prejudice the jury was relatively slight.

### ISSUE V

Defendant claims the trial court erred in denying his motion for a continuance and argues that a continuance was necessary to enable him to impeach a State's witness, Mary Clark. Clark testified that she had seen the scar on Defendant's forehead "the week before" the robbery, and had spoken to him about it.

Defendant, in support of his motion, argues that he had been admitted to the hospital on June 29th, three days prior to the robbery, suffering from a seizure and that the scar was the result of an injury received during that seizure. He sought the continuance to enable him to obtain a hospital employee by whom to prove the record of his hospitalization which record would have reflected that he had been admitted on June 29th and left without permission on July 1st, that seizure precautions had been taken, that he then had a skin abrasion above his right eye and that he had stated that the injury had occurred during a seizure suffered before admission.

■ Whether to grant or deny a motion for continuance after trial has commenced is within the sound discretion of the trial judge, and his decision will not be disturbed, absent a clear showing of an abuse of discretion. *Collins v. State,* (1982) Ind., 431 N.E.2d 802, 805; *Aron v. State,* (1979) Ind., 393 N.E.2d 157, 158; *Cooper v. State,* (1972) 259 Ind. 107, 110, 284 N.E.2d 799, 801; *Walker v. State,* (1970) 255 Ind. 65, 70, 262 N.E.2d 641, 644–45.

■ We find no abuse of discretion in the denial of the motion. The records would not have conclusively shown that the scar by which the Defendant had been identified did not exist "the week before" the robbery, as Mary Clark had testified, although they

would have furnished a basis for some speculation upon that question.

 There was no basis for Defendant's claim that he had been surprised by Clark's testimony, inasmuch as he had interviewed the witness prior to trial, had obtained a copy of the hospital record and had had a subpoena issued for the keeper of the hospital records.

Considering the questionable evidentiary value of the records and the weakness in Defendant's claim of surprise, we are of the opinion that the continuance motion was properly denied.

### ISSUE VI

 Under this assignment, Defendant contends that the trial court's reference to the State's allegations of prior convictions as a "count or charge," in its preliminary instructions to the jury upon that phase of the trial, inferred that he was "being charged with an additional crime" to his prejudice. We see no basis for such claim. The instructions clearly informed the jury of the issues they were to determine, and the use of the terms "count" and "charge" could not have prejudiced Defendant.

 Additionally, no objection or request for clarification or admonition was made at trial, hence, this claim is not available on appeal. *Taylor v. State,* (1981) Ind., 420 N.E.2d 1231, 1235.

### ISSUE VII

 Defendant objected at trial to the introduction of State's Exhibit No. 15, a copy of the police department's report of an arrest of the Defendant, upon the grounds that a "Proper foundation has not been laid." Defendant has not, however, apprised us of how he was harmed by such evidence. *Lamb v. State,* (1975) 263 Ind. 137, 325 N.E.2d 180. The arrest record came into evidence during the habitual offender phase of the proceedings, but not until after certified copies of court records showing Defendant's conviction upon the charge evidenced by the record of arrest had been properly admitted. Hence, as-

suming arguendo that the police record was improperly admitted, Defendant could not have been thereby harmed. Error must always be predicated upon an incorrect ruling, but an incorrect ruling does not always require correction. An incorrect ruling will not furnish a basis for reversal where there is no room for the inference that it was *probably prejudicial. Copenhaver v. State,* (1902) 160 Ind. 540, 544, 67 N.E. 453. *See also,* Ind.R.App.P. 15(E).

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.