**Alfonzo GRAVES, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 4–285A45.**

Court of Appeals of Indiana,
Fourth District.

Sept. 24, 1985.

Thomas E. Hamer, Anderson, for appellant.

Linley E. Pearson, Indianapolis, for appellee.

MILLER, Judge.

Alfonzo Graves was charged with robbery, a class A felony, and convicted for a lesser included offense of theft, a class D felony. One of Graves's arguments on appeal is the trial court erred in admitting a police photograph album of mug shots used by the victim to identify her attackers, when the state made no attempt to disguise the fact the photographs were mug shots. We agree and remand his case for a new trial.

Graves alleges error based upon the following rulings by the trial court:

(1) Admitting the police photograph album into evidence;

(2) Refusing to grant a mistrial or admonish prospective jurors after the state made improper reference to prior criminal acts of Graves during voir dire;

(3) Admitting statements made by Graves during custodial interrogation;

(4) Permitting the state to amend the information seven (7) days before trial and twenty-one (21) days after the omnibus date.

We need only address the first of the four issues raised: whether the court erred in admitting the police photo album into evidence.

The facts most favorable to the state show that on the night of May 12, 1984, Willie Bell Jackson arrived at the A-Town Motorcycle Club in Anderson, Indiana. Her husband was with her when she arrived, but he later left the club to go to the store, and she followed him outside. He left after she asked him to get her some cigarettes. As she turned to go back into the club, she was approached by two men, one tall and one short. The tall man said, "Shut up, bitch, and give me that purse," while grabbing and pulling on her handbag. Jackson was thrown to the sidewalk, and the assailants ran off with her purse. Jackson's resulting injuries included a broken arm, skin scraped off her arm and shoulder, and a big knot on her head.

A few days later, Jackson gave a statement to the Anderson Police Department. She also looked at a police photo album and picked out photographs of her two assailants. Jackson selected a picture of Graves and identified him as the taller man who grabbed her purse and caused her injuries.

Graves was arrested in Muncie, Indiana and was returned to Anderson for questioning. He denied robbing the victim and stated at first that he had been in Muncie the night of the robbery, and he later claimed to have been in Cleveland on that night.

During the testimony of the state's first witness, Detective Gary Burke, the police photo album Jackson used to identify Graves as her assailant was admitted into evidence. The entire album, labeled as "Male Black Offenders," was admitted into evidence as State's Exhibit B. Each photograph was a head and shoulders frontal view or profile view. A plate at the bottom of each photograph included various identifying information. The backs of some of the photographs were plainly visible, indicating charges ranging from criminal conversion to armed robbery. Furthermore, at least one photograph was stamped on the back with the words "Mug Book." Graves objected to the admission of the

photo album on the grounds that identity was not an issue and the exhibit was prejudicial. The trial court overruled this objection, and Graves was ultimately convicted of theft, a class D felony.

The Indiana Supreme Court has repeatedly stated that mug shots of defendants are generally inadmissible as evidence. *Hovis v. State* (1983), Ind., 455 N.E.2d 577, 585; *Miller v. State* (1982), Ind., 436 N.E.2d 1113, 1120; *Richey v. State* (1981), Ind., 426 N.E.2d 389, 395. The rationale behind this rule, as explained by the court, is obvious:

> "It was not proper to prove that the defendant had a criminal record, and what may not be done directly may not be done by indirection or subterfuge....
>
> Since proof of another crime improperly admitted is always treated as prejudicial error, and, since it cannot be said that this exhibit and the manner in which it was presented was not sufficient to cause a juror of average intelligence to at least strongly suspect that the defendant had a criminal history, we cannot say that the admission of the exhibit was not prejudicial."

*Vaughn v. State* (1939), 215 Ind., 142, 145–46, 19 N.E.2d 239, 241. Thus improper use of mug shots has been proscribed by our courts because these police photographs may be sufficient to cause a juror of average intelligence to suspect strongly the defendant has a criminal record. *Fox v. State* (1980), Ind.App., 399 N.E.2d 827, 829.

Nevertheless, police photographs, or mug shots, are admissible if they meet a two prong test: (1) if they are not unduly prejudicial; and (2) if they have substantial independent probative value. *Hovis, supra; Miller, supra; Richey, supra*. Although both parties leap to a discussion of the second part of the test, we do not reach any consideration of the question of probative value, because the mug shots as introduced into evidence in this case are unduly prejudicial. Thus, the police photographs fail to meet the first test, and are therefore inadmissible.

To meet the test of not being unduly prejudicial, the state must do everything possible to minimize the likelihood that any prejudicial inferences would be drawn by the jurors by deleting prejudicial material from the photographs. *Strong v. State* (1982), Ind., 435 N.E.2d 969, 972; *Lawrence v. State* (1980), 274 Ind. 468, 412 N.E.2d 236, 238. The following representative supreme court decisions offer us guidelines in determining whether the state has met the requirement of minimizing the prejudicial impact of the mug shots.

In *Hovis, supra*, our supreme court criticized the state for its failure to minimize the prejudicial effect. The court stated:

> "As to the question of whether the admission of the photograph was unduly prejudicial notwithstanding its substantial independent probative value, we note with disapproval the State made no attempt to disguise the fact this photograph was a mug shot. It is quite apparent it would have been easy to do so in this case with a snip of the scissors. This is something that should be done to mug shots before they are used at trial, even where the photograph has substantial independent probative value."

*Id.* at 585 (citation omitted). In *Strong, supra*, the supreme court characterized the state's attempt to disguise a mug shot as "meager at best" when it stapled a card over the bottom portion of the photograph to hide a chain and identification plate. *Id.* at 971. Justice Prentice wrote:

> "The State argues that '(p)rejudicial material had been deleted from all of the photos.' The record shows that nothing was deleted; only that the prejudicial parts of the photographs were inadequately covered. We do not understand why the photographs were not enlarged and/or cropped in such a way as would have made even the chain holding the identification plate barely noticeable."

*Id.* at 972 (citations omitted).

The year after writing the *Strong* decision, Justice Prentice again addressed the issue in *Martin v. State* (1983), Ind., 453 N.E.2d 1001, where the state attempted to

cover up the chain and identification plate on a mug shot, but a portion of the chain was still visible. In writing the court's opinion, he stated that "the photograph was covered in such a way as to adequately obfuscate the objectionable material." *Id.* at 1005.[1] Moreover, in *Head v. State* (1982), Ind., 443 N.E.2d 44, the court held that a mug shot was not unduly prejudicial under the following criteria: (1) the state had securely covered the law enforcement inscription at the bottom of the picture; (2) the photograph included only a frontal view of the defendant from his shoulders up, and no companion profile shot was included; (3) no chain or police identification plate was hanging from the defendant's neck; and (4) no evidence of prior criminal activity was apparent on the image present. *Id.* at 58. Finally, our supreme court held in *Lawrence, supra,* that the state did everything possible to minimize the likelihood that any prejudicial inferences would be drawn by the jurors when the picture showed both frontal and profile views of the defendant, but had no other markings or writings which would indicate it was taken by the police and no testimony was given as to why the picture was taken. *Id.* 412 N.E.2d at 238.

■ In determining where the mug shots in the case at hand fall on this scale of undue prejudice, we note the following facts. The state made no effort to disguise the fact this album was an array of mug shots. The entire album, consisting of over fifty pages in the record and labeled as "Male Black Offenders" was admitted into evidence. Moreover, the photos were typical mug shot poses of head and shoulder frontal view or profile view, and each had a plate at the bottom identifying the person with a number, by date, and indicating the Anderson Police Department. In fact, any juror who was unfamiliar with the make up and lay out of a mug shot book would have no doubt as to the type of police album involved here because one of the photos is plainly stamped "Mug Book."

Likewise, the mug shots themselves and the writing on the pictures were sufficient to cause a juror of average intelligence to suspect strongly that Graves had a criminal record. In addition to the entire photographic display being labeled as "Male Black Offenders," the backs of many of the photographs were plainly visible. Printed on the backs of numerous photos were crimes including criminal conversion, unlawful gambling, robbery, arson, and armed robbery. We conclude that this information on the undisguised mug shots would cause a juror of average intelligence at least to suspect strongly that Graves had a criminal history. According to the rule established in *Vaughn, supra,* it was improper to prove that Graves had a criminal record, and doing this indirectly by the use of the mug shots is prejudicial error.[2]

The state has offered no viable argument for reaching a different conclusion. The state admits in its brief the photos were not disguised, and evidence of a defendant's unrelated criminal activity is generally inadmissible. The state argues, however, that evidence admissible for one purpose cannot be rendered inadmissible because it coincidentally reveals prior criminal activity. In *Hudson v. State* (1984), Ind.App., 462 N.E.2d 1077, which the state cites as supporting its argument, we ruled

---

1. The court distinguished *Strong* by noting that in *Strong,* the defendant had testified without any mention of a prior record on cross examination. Thus, the court reasoned the admission of the mug shots in *Strong* significantly affected the defendant's substantial rights because the inadmissible evidence impeaching the defendant's credibility was shown to the jury where the defendant's credibility was a significant factor in his defense. In contrast, the court noted that in *Martin,* the defendant did not testify, and his credibility was therefore never an issue in the trial. 453 N.E.2d at 1005.

2. This case is different from one where the mug shots should not have been admitted, but the error is not reversible because the defendant admitted his prior convictions upon cross-examination, placing before the jury "direct evidence of that which the prejudicial photograph or mug shot merely inferred." *Smith v. State* (1983), Ind., 445 N.E.2d 85, 86. Here, Graves did not admit any prior convictions while on the stand.

that it was not fundamental error and a denial of due process for a prosecutor to use undisguised mug shots for witness identification purposes at trial when the defendant had absented himself from the trial. We stated:

"We do not condone the prosecution's failure to mask the fact that the portraits were indeed mug shots. But these photographs were not entered into evidence for the purpose of establishing [the defendant's] prior criminal activity. They were relevant to the prosecution and, apparently were the only such identification evidence of its kind readily available. A timely objection at trial would have given the prosecution the opportunity to eliminate any unduly prejudicial characteristics of a mug shot type of photograph. But in the absence of such objection, [the defendant] cannot argue undue prejudice from those characteristics as is argued in the appropriate cases."

*Id.* at 1082.

In the case at hand, however, Graves made a timely objection to the mug shots; hence we are not contemplating a question of fundamental error and denial of due process, but one of reversible error. Here, the prosecution was presented the opportunity to eliminate the prejudicial aspects of the mug shots. As such, Graves is in a position to argue undue prejudice on appeal, unlike the defendant in *Hudson.*

We conclude the undisguised mug shots were unduly prejudicial to Graves, and it was therefore error for the trial court to admit them into evidence.

Reversed and remanded for further proceedings.

YOUNG, P.J., and CONOVER, J., concur.