## Julian W. Goodrich v. Herman Lash

[146 A2d 169]

September Term, 1958

Present: **Cleary, C. J., Adams, Hulburd, Holden and Shangraw, JJ.**

Opinion Filed November 5, 1958.

*Samuel H. Rothman* for the defendant.

*Donald E. O'Brien* for the plaintiff.

**Cleary, C. J.,** This is a contract action to recover for architectural services for the construction of a house. The complaint seeks to recover upon a written contract and also upon *quantum meruit*. The defendant pleaded a general denial and a counter claim. Trial was by jury and, at the close of the evidence, each party moved for a directed verdict in his favor. The court directed a verdict for the plaintiff. The case is here on the defendant's exceptions to the admission and exclusion of evidence, to the directed verdict, to the denial of the defendant's motion for a directed verdict and to the judgment.

In the complaint the plaintiff sought to recover a fee of 7% of the estimated cost of the defendant's house and relied on the following provisions of the written contract:

"5. Payments to the architect on account of his fee shall be made as follows, subject to the provisions of Art. 4:

"Upon completion of the preliminary studies, a sum equal to 25% of the basic rate computed upon a reasonable estimated cost.

"During the period of preparation of specifications and general working drawings (exclusive of details) monthly payments aggregating at the completion thereof a sum sufficient to increase payments to 75% of the rate or rates of commission arising from this agreement, computed upon a reasonable cost estimated on such completed specifications and drawings, or if bids have been received, then computed upon the lowest bona fide bid or bids.

"From time to time during the execution of work and in proportion to the amount of service rendered by the architect, payments shall be made until the aggregate of all payments made on account of the fee under this Article, but not in-

cluding any covered by the provisions of Article 4, shall be a sum equal to the rate or rates of commission arising from this agreement, computed upon the final cost of the work.

"Payments to the architect, other than those on his fee, fall due from time to time as his work is done or as costs are incurred."

"8. Preliminary Estimates. When requested to do so the architect will furnish preliminary estimates on the cost of the work but he does not guarantee the accuracy of such estimates."

The written contract was offered and admitted in evidence. Among other provisions paragraph 4 of the contract provided as follows: "If any work designed or specified by the architect is abandoned or suspended, in whole or in part, after completion and acceptance of full plans, specifications and details, the architect is to be paid for the service rendered on account of it."

Article 12 of the contract is as follows: "If, after plans and specifications are submitted for bids, such bids are not acceptable to the owner, then the architect shall revise such drawings and specifications without any additional charge to the owner for the same or for any and all work in connection with the same, anything to the contrary herein notwithstanding."

The complaint alleged that the fee claimed was, by agreement of the parties, based upon an estimated total cost for construction of the house of $38,000, subject to the provisions of paragraph 8 of the contract. The complaint also alleged that the plaintiff submitted the specifications and drawings for bid and otherwise properly performed his obligations under the contract on or before September 10, 1952, so as to be entitled to 75% of the fee as provided by paragraph 5 of the contract.

By his general denial the defendant put in issue every material allegation of the complaint and the burden was on the plaintiff to prove them. *Dernier* v. *Rutland Ry. Light & Power Corp.*, 94 Vt 187, 191-192, 110 A 4.

The defendant has briefed 16 exceptions to the exclusion of evidence on the ground that the questions asked were all

material. He claims they were all admissible under his offer to prove that all of the bids for the construction of the house were in excess of $50,000 and that the plaintiff did not revise the plans and specifications after the defendant requested him to do so but refused to do so. Exceptions numbered 1, 2, 7, 8, and 12 need not be considered because the transcript shows evidence was received which covered them and made them harmless. Exception numbered 16 was to the exclusion of questions asked the defendant whether he had any prior experience in connection with construction. These questions were properly excluded. They were immaterial.

Exceptions numbered 3, 4, 5, 6, 9 all related to bids and the amounts of them; 3, 4, 5 and 6 were questions asked in cross-examination of a party on a material matter. Exception numbered 10 related to the defendant's knowledge of the amounts of the bids; No. 11 related to whether the plaintiff refused to revise the plans and specifications after the defendant told him that the bids received were not acceptable to the plaintiff. All of this evidence was material on the issues raised by the pleadings and should have been received. Its exclusion was prejudicial to the defendant.

■ Exception numbered 13, relating to the defense of waiver, is unavailable because it was not pleaded as required under our Practice Act. See *Tung-Sol Lamp Works* v. *Monroe*, 113 Vt 228, 230, 32 A2d 120, and cases there cited. Exception numbered 14 relates to the date to which the plaintiff treated the contract still in force. The question asked was proper cross-examination of a party and should have been allowed. Exception numbered 15 related to the use, if any, that the defendant made of the plaintiff's plans and specifications in connection with the construction of a house. This evidence was material because of the plaintiff's claim to recover under *quantum meruit* and should have been received. Its exclusion was prejudicial to the defendant. Defendant's exceptions numbered 3, 4, 5, 6, 9, 10, 11, 14, and 15 are sustained.

■ In considering a motion for directed verdict we must view the evidence in the light most favorable to the party against whom the motion is made. *Quigley* v. *Wiley*, 107 Vt

253, 261, 179 A 206; *Pacific Lumber Agency* v. *National Avicraft Materials Corp.*, 108 Vt 10, 15, 182 A 192; *In re Estate of Jones*, 110 Vt 438, 451, 8 A2d 631, 128 ALR 704; *N. E. Acceptance Corp.* v. *Nichols*, 110 Vt 478, 486, 8 A2d 665. Viewed in this light, in considering the plaintiff's motion for a verdict, the evidence showed that the contract was not signed until within a week before September 24, 1952 when the defendant gave the plaintiff a check for $500; that the plaintiff or his draftsman did work for the plaintiff as late as October 10, 1952; that the defendant indicated to the plaintiff he was unwilling to spend more than $33,000 and that he never indicated to the plaintiff that he was willing to spend more than that amount; that when the plaintiff presented the final plans and specifications to him the plaintiff told him that the plaintiff estimated the cost of the house built according to the plans would be approximately $33,000, that the plaintiff could not guarantee $33,000 but would like a leeway up to $38,000 on return bids; that if the bid came back $38,000 he could satisfactorily cut it back to $33,000 by substituting materials and minor changes; that after the final plans and specifications were approved and accepted by the defendant they were submitted for bids to be opened on October 6, 1952; that after learning about the bids received by the plaintiff the defendant told the plaintiff the bids were not acceptable to him; that he then asked the plaintiff to revise the plans and specifications but the plaintiff did not do so.

From what we have mentioned *supra* regarding the complaint and the evidence it is clear that it was error for the trial court to direct a verdict for the plaintiff for $1495 and interest, the amount claimed by the plaintiff on the contract after allowing the defendant credit for the $500 he had paid.

██ Where plans are required for a building which is not to cost more than a certain sum, or are accepted on condition that it can be constructed for an amount specified by the architect, he cannot recover for his services in this regard if the cost of the building, to be constructed according to his plans, substantially exceeds that specified. In order to recover, the cost of the building must be at least reasonably

near the amount estimated. *Cooper* v. *City of Derby*, 83 Conn 40, 75 A 140. The question is ordinarily for the jury to determine and should have been submitted to the jury in the present case. 3 Am Jur 1008; 6 CJS 310; 42 LRANS 126; *Williar* v. *Nagle*, 109 Md 75, 71 A 427, 428-429.

The trial court properly denied the defendant's motion for a directed verdict on his counterclaim for the return of the $500 which he had paid the plaintiff. The evidence was undisputed that the plaintiff had devoted a great deal of time and effort in making numerous sketches and plans at the defendant's request and in compliance with the defendant's suggestions and that he sent bills for his work as it progressed. The plaintiff testified that $38,000 was a reasonable estimate for the cost of a house based on the final plans and specifications which he furnished in accordance with the instructions he received from the defendant and which the defendant accepted and approved, that the defendant never asked him to do anything further and he had never refused to do so. Bearing in mind that the plaintiff sought to recover both on the written contract and on a *quantum meruit* all of the issues should have been submitted to the jury to decide on the evidence presented.

*The judgment is reversed and the cause remanded.*