**Alice V. Atwood, Individually and as Executrix of the Estate of Robert W. Atwood v. Edward Henry Kerr, Jr.**

[394 A.2d 1132]

No. 42-77

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed October 31, 1978

*Joseph H. Badgewick* of *Ryan Smith & Carbine, Ltd.,* Rutland, and *Weber, Fisher, Perra & Gibson,* Brattleboro, for Plaintiff.

*James L. Morse,* Defender General, and *David W. Curtis,* Correctional Facilities Defender, Montpelier, for Defendant.

**Billings, J.** This is an appeal by the defendant-appellant from a jury verdict in a wrongful death action. The defendant was not personally present during the trial. At trial, plaintiff, over the objection of defendant's attorney, read into the record defendant's unsigned deposition, which had been taken

some three years prior. The transcript of the deposition had remained in the file of defendant's attorney until requested by the plaintiff on the third day of trial. By mistake, the transcript of the deposition was subsequently given to the jury on the belief that it had been admitted as an exhibit. The deposition contained references to insurance coverage which had been excluded by the trial court.

The defendant first claims error in that the deposition should not have been read to the jury since the requirements for the taking of depositions pursuant to V.R.C.P. 30 had not been satisfied, both because the deposition was unsigned, V.R.C.P. 30 (e), and because the officer taking the deposition failed to certify it in accordance with V.R.C.P. 30 (f).

■ V.R.C.P. 32 (d) (4) provides:

> Errors and irregularities in the manner in which the testimony is transcribed or the deposition is prepared, signed, certified, sealed, indorsed, transmitted, filed, or otherwise dealt with by the officer under Rules 30 and 31 are waived unless a motion to suppress the deposition or some part thereof is made with reasonable promptness after such defect is, or with due diligence might have been, ascertained.

The defendant has waived these technical defects by his failure to file a motion to suppress as required by the rule. Defendant did not move to suppress with reasonable promptness, as the document was in the defendant's attorney's possession during the three year interval, and the defendant knew or with due diligence could have known of the defect. Defendant gains nothing by this claim of error.

■ Six days subsequent to the jury verdict, the defendant moved to set aside the verdict and for a new trial, V.R.C.P. 59, on the ground that the trial court erred in permitting the jury, through mistake, to examine the defendant's deposition in the jury room. The trial court denied the motion and defendant claims error. We disagree. While the jury was deliberating, the trial court learned that a copy of the deposi-

tion had inadvertently been included in the exhibits which went to the jury room, and the record clearly establishes that the trial court immediately advised all counsel of the fact. No one at the time raised any objection, nor was there any request for a mistrial, curative instruction, or voir dire of the jury. For whatever reason, the defendant failed to bring the error to the attention of the trial court in a timely fashion so that it could have been ruled upon by the trial court. The issue is thus not properly before this Court. *MacDonald* v. *Orton*, 99 Vt. 425, 432, 134 A. 599, 602 (1926).

*Judgment affirmed.*