American Fidelity Company v. Edward H. Kerr, Jr. and Alice
V. Atwood, Executrix of the Estate of Robert W. Atwood,
and Lumbermen's Mutual Casualty Company

[416 A.2d 163]

No. 206-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 3, 1980

*Anthony B. Lamb* and *Robert G. Cain* of *Paul, Frank & Collins, Inc.*, Burlington, for Plaintiff.

*Weber, Perra & Gibson*, Brattleboro, for Atwood.

*Allan R. Keyes* of *Ryan Smith & Carbine, Ltd.*, Rutland for Lumbermen's.

**Billings, J.** This case arises out of a declaratory judgment action brought by the plaintiff-appellee, American Fidelity Company (American), the insurer of the defendant Kerr, in order to determine its obligations under an automobile liability insurance policy with respect to a wrongful death action brought by the defendant-appellant, Atwood, against Kerr. In that action the defendant Atwood obtained a verdict and judgment against the defendant Kerr, which judgment was affirmed by this Court. *Atwood* v. *Kerr*, 136 Vt. 515, 394 A.2d 1132 (1978). The defendant-appellant, Lumbermen's Mutual Casualty Company (Lumbermen's), is a subrogee of the defendant Atwood. The trial court held that the Kerr policy was null and void and that American had no obligation under the policy in connection with the Atwood judgment against Kerr in view of the defendant Kerr's breach of the insurance policy condition requiring his cooperation and appearance at trial. The defendants Atwood and Lumbermen's appeal claiming that although the defendant Kerr may have breached the cooperation clause of the insurance contract, American waived it or is estopped from asserting the forfeiture of the policy.

At the Atwood trial the defendant Kerr did not appear, although he had been advised to keep in touch with his attorney. American secured the services of an attorney to represent the insured, and the defendant Kerr also employed a personal attorney in order that he could pursue a counterclaim. On the second day of trial, the attorney employed by American notified the court and Kerr's personal attorney that American disclaimed coverage, and after a motion to continue was denied, requested leave to withdraw as counsel, which the trial court subsequently denied. The insurance company attorney continued to conduct the trial with the acquiescense of Kerr's individual attorney. He did not obtain a nonwaiver covenant, nor did he attempt to locate the defendant Kerr. During the trial the insurance attorney maintained close contact with the insurance company adjuster in charge of the case and on numerous occasions indicated to the trial court how the absence of the defendant Kerr was prejudicial to the insurance company and that the insurance company claimed that the cooperation clause had been breached. During the time that the jury was in the jury room, it was discovered that the defendant Kerr's deposition, which had not been admitted into evidence and on which it was indicated that the defendant Kerr had given a prior statement to his insurance company, had mistakenly been taken into the jury room. During consultation with the insurance company adjuster and Kerr's personal attorney, the insurance attorney advised that the jury verdict was a "toss up," and it was then decided not to move for a mistrial. After the jury rendered its verdict in favor of Atwood, the insurance company requested that the trial court defer entry of judgment so that he could "confer with my principal" and have "an opportunity to consider the matter with the people most directly involved."

American first claims that the defendant Lumbermen's has no status to bring this appeal in view of the fact that the co-defendant Kerr failed to appeal from the judgment of the trial court, and Lumbermen's, as subrogee of the judgment creditor, can have no greater rights than the insured. In a declaratory judgment proceeding, 12 V.S.A. § 4721 mandates that all parties affected by the declaration be joined as parties, and this was done below. Kerr's failure to appeal does not amount to a waiver of Lumbermen's rights, because

on appeal by the defendant Lumbermen's, the entire judgment is brought before the appellate court. As the Court stated in *Rich* v. *Holmes*, 104 Vt. 433, 440, 160 A. 173, 175 (1932) (quoting from *Bradley* v. *Blandin*, 94 Vt. 243, 256–57, 110 A. 309, 315 (1920)):

> "Where there are two defendants, and the judgment is based upon a cause of action of such a nature that it might work injustice to one, if it were to remain intact against him while reversed for error as to the other, the Court may, to prevent possible injustice, reverse the judgment *in toto*, and grant a new trial as to both." It follows from this statement of the rule that when error is found affecting the rights of one party to the judgment and not as to another, and it is also determined that a proper decision as to one is not dependent upon the judgment as to the other, the court may reverse in part, and affirm in part.
>
> When a case is regularly passed to this Court by the filing of a bill of exceptions, whether by one or all of the defendants, the whole judgment is brought up so as to give us jurisdiction to render any judgment to which the parties are shown to be entitled.

Lumbermen's rights under the policy are independent and are not concluded by the defendant Kerr's failure to appeal.

██ American has the burden to show the lack of cooperation of its insured by his nonattendance at trial and the actual prejudice resulting therefrom. *Houran* v. *Preferred Accident Insurance Co.*, 109 Vt. 258, 270–71, 195 A. 253, 258–59 (1937); *Francis* v. *London Guarantee & Accident Co.*, 100 Vt. 425, 429, 138 A. 780, 781 (1927); *Ziman* v. *Employers Fire Insurance Co.*, 493 F.2d 196, 199–200 (2d Cir. 1974). However, whether on the record here Kerr's nonattendance was a breach of the cooperation clause of his policy, we need not decide in view of our subsequent disposition of this case.

██ Defendant Lumbermen's has the burden to "affirmatively set forth and establish" the affirmative defenses of waiver or estoppel by conduct. V.R.C.P. 8(c); *Sunday* v. *Stratton Corp.*, 136 Vt. 293, 297, 390 A.2d 398, 400–01 (1978); *Liberty Mutual Insurance Co.* v. *Cleveland*, 127 Vt. 99, 103,

241 A.2d 60, 63 (1968). A unilateral reservation of rights, as attempted here by American, is ineffective. See *Beatty* v. *Employers' Liability Assurance Corp.,* 106 Vt. 25, 31, 168 A. 919, 923 (1933); *Fellows* v. *Mauser,* 302 F. Supp. 929, 933 n.2 (D. Vt. 1969). Control of the defense, with knowledge of the facts and without consent of the insured, constitutes an election to stand by the terms of the policy. *Beatty* v. *Employers' Liability Assurance Corp., supra,* 106 Vt. at 35, 168 A. at 924. Thus, although the insurance attorney was denied permission to withdraw, and thereafter had a professional obligation to continue to represent the defendant Kerr (Code of Professional Responsibility, 12 V.S.A. App. IX, D.R. 2-110; Canon 7), American is prevented from disclaiming coverage under the doctrine of waiver, unless it yielded control of the defense and disconnected itself from the case. See *Peerless Casualty Co.* v. *Cole,* 121 Vt. 258, 265, 155 A.2d 866, 871 (1959).

Our review of the record shows that American continued to control the conduct of the trial through an adjuster who was in continuous contact with the attorney. The conduct of the attorney and adjuster with respect to the decision not to seek a mistrial, the request for delay of the entry of judgment so that the attorney's principals could be consulted, and the frequent references by the insurance attorney to Kerr's absence and the prejudicial effect thereof on American's case all indicate American's involvement and make it clear that the interests of the insurance company were being served above those of the defendant Kerr. The trial court erred in not concluding that by American's conduct of the defense it had waived its claim of noncoverage by reason of any breach of the cooperation clause of the insurance contract.

*Reversed and remanded in order that a judgment be entered obligating American Fidelity Company to cover under its policy of insurance the judgment entered July 28, 1976, in the matter of Atwood v. Kerr, 136 Vt. 515.*