## Elizabeth F. Brouha v. Arthur Postman

[491 A.2d 1038]

No. 83-363

Present: Hill, Underwood and Peck, JJ., and Keyser, J. (Ret.), and Daley, J. (Ret.), Specially Assigned

Opinion Filed March 22, 1985

*Leo A. Bisson, Jr.,* of *Downs Rachlin & Martin, P.C.,* St. Johnsbury, for Plaintiff-Appellee.

*Robert J. Kurrle* and *Robert Halpert,* Montpelier, for Defendant-Appellant.

**Peck, J.** Plaintiff Elizabeth F. Brouha commenced this action against defendant Arthur Postman alleging a breach of contract and negligence in the performance of architectural work in the renovation of the former's residence in Sutton, Vermont. After trial by court, judgment was entered awarding plaintiff the sum of $18,700; defendant appealed to this Court. We affirm.

Defendant submits three claims of error for our review. First, that the trial court's findings and conclusions were contrary to the weight of the evidence; second, that the court erred in holding he breached the contract by charging plaintiff excessive fees; third, that plaintiff waived her right to allege excessive fees because she paid all bills he submitted to her without any timely protest.

In 1973, plaintiff engaged defendant to undertake the design for renovations of her residence in Sutton, Vermont. She told him she was on a limited income and could spend about $50,000.00 on the alterations. The renovation project lasted six years, with one eighteen month hiatus, until the plaintiff ter-

minated the contract in 1979. During the six year period the work was sporadic due in part to the defendant's failure to supply plans for construction when the contractor was ready to proceed. Plaintiff, an elderly woman who lived alone, continued defendant in her employ because she was discouraged about the state her house was in and felt dependent on him to complete the work. She had never employed an architect before, and knew nothing of architectural design. However, she discharged defendant in 1979 and employed another architect. The renovations were finally completed in August of 1980, substantially as contemplated by the plaintiff in 1973.

Defendant's first claim of error challenges the findings and conclusions as against the weight of the evidence. The standard for reviewing findings of fact is well established: findings will be set aside only when, taking the evidence in the light most favorable to the prevailing party and excluding the effects of modifying evidence, the findings are clearly erroneous. V.R.C.P. 52; *Jacobs* v. *Jacobs*, 144 Vt. 124, 126, 473 A.2d 1165, 1167 (1984). Even though the evidence is conflicting, as it was here, findings of fact will stand "even if the evidence predominates against them; only where the contrary proof is so overwhelming that there is no reasonable basis upon which findings can stand will they be set aside." *Cliche* v. *Cliche*, 143 Vt. 301, 306, 466 A.2d 314, 316 (1983). Moreover, when " 'the evidence is conflicting the credibility of the witnesses, the weight of the evidence, and its persuasive effect are questions for the trier of fact, and its determination must stand if supported by credible evidence even though there may be inconsistencies or substantial evidence to the contrary.' " *LaFlamme* v. *Church*, 143 Vt. 219, 220, 465 A.2d 268, 269 (1983) (quoting *Concra Corp.* v. *Andrus*, 141 Vt. 169, 173, 446 A.2d 363, 365 (1982)).

Our review of the record in the instant case discloses sufficient credible evidence to support the trial court's findings; accordingly, the defendant's first claim of error must fail.

The defendant claims next that the trial court erred in holding that he breached the contract by charging the plaintiff excessive fees. He argues that the project cost exceeded the estimates because of plaintiff's requests for additional work, and the trial court did find that some of the work performed by the defendant was rendered obsolete by changes requested by

the plaintiff. Nevertheless, the court noted that this obsolescence was significantly less than defendant claimed it to be. In fact, the court found a substantial portion of his work was duplication, unnecessary detail or work not requested by the plaintiff and should not have been billed to her.

The trial court found specifically that the plaintiff made it clear to the defendant that she had a limited income and could only expend a total of approximately $50,000.00 on the renovations to her house. In April 1977, the defendant gave plaintiff a written estimate which was within the plaintiff's means. By the time plaintiff terminated the contract in 1979, she had paid $66,751.12 for construction costs and $38,538.71 for architectural fees.

The trial court concluded that defendant breached both the contract and his duty to work in a diligent, skillful and workmanlike manner. The defendant had submitted plans which the plaintiff never requested; she did not accept them because they were beyond the scope of her desires and means. Plaintiff also rejected plans for a totally new house for the same reason. These plans, and others, were not requested or desired by plaintiff but were included in the fees charged by defendant.

■■ An architect may recover for his services when the costs of the renovations are reasonably near the amount estimated. *Goodrich* v. *Lash*, 121 Vt. 15, 19–20, 146 A.2d 169, 172 (1958). However, the question whether the costs are reasonably near the estimate is for the trier of fact to resolve. *Id.* In the present case, the court found that the cost of the project unreasonably exceeded the defendant's estimate and thus allowed recovery by the plaintiff. We determined above, in relation to the first issue, that the evidence supports the findings and conclusions; accordingly, we will not disturb this finding. We find no error on the basis of defendant's second claim.

■■ Finally, defendant contends that plaintiff waived her right to recover on her claim that he charged excessive fees, because she paid all the bills defendant submitted without making a timely objection. Waiver is an affirmative defense and must be pleaded as such. V.R.C.P. 8 (c) ; *American Fidelity Co.* v. *Kerr*, 138 Vt. 359, 362, 416 A.2d 163, 165 (1980). Moreover, unless an affirmative defense is specifically raised in the pleadings, it is not generally available at trial or on appeal.

*Palmisano* v. *Townsend,* 136 Vt. 372, 374, 392 A.2d 393, 394–95 (1978). In the instant case defendant did not plead waiver as an affirmative defense. Nevertheless, he argues that plaintiff made no objection to the introduction of evidence that she paid most of defendant's bills without protest as they were submitted to her and, therefore, the issue of waiver became a part of the case even though it had not been properly pleaded in the first instance, citing *Town of Shelburne* v. *Kaelin,* 136 Vt. 248, 251, 388 A.2d 398, 400 (1978).

For purposes of this case we need not address the application of the rule as recited in *Town of Shelburne, supra.* Assuming defendant is correct in his assertion, the evidence upon which he relies does not *compel* a conclusion of waiver, acquiescence or ratification as a matter of law. Findings and the conclusions based thereon were for the trial court; they will not be disturbed on appeal unless clearly erroneous. *Finley* v. *Williams,* 142 Vt. 153, 155, 453 A.2d 85, 86 (1982). In the instant case, the findings and conclusions are amply supported by the record on appeal. There was no error.

*Affirmed.*

### On Motion To Reargue

Peck, J. Subsequent to the filing of the opinion in this case, defendant moved for leave to reargue. V.R.A.P. 40. By reason of matters brought to our attention by defendant's motion, we have recalled the opinion and redrafted portions thereof relating to his contention that plaintiff had waived her right to claim he had charged excessive fees. The revisions made do not change the result, and the entry order is not affected.

*Motion to reargue denied. See Mancini* v. *Mancini,* 143 Vt. 235, 240, 465 A.2d 272, 275 (1983).