## Diane Packard v. State of Vermont

[514 A.2d 708]

No. 85-236

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed July 7, 1986

Motion for Reargument Denied August 4, 1986

*Joan W. Skeele*, Brattleboro, for Plaintiff-Appellee.

*Jeffrey L. Amestoy*, Attorney General, Montpelier, and *Michael O. Duane*, Assistant Attorney General, and *Barbara L. Crippen*, Law Clerk (On the Brief), Waterbury, for Defendant-Appellant.

**Per Curiam**. The State of Vermont appeals a district court order compelling the Department of Social and Rehabilitation Services (SRS) to disclose to plaintiff the name of the person who reported a case of suspected child abuse by plaintiff to SRS. We reverse.

This appeal involves a first impression application of 33 V.S.A. § 683, which requires certain enumerated professionals to report cases in which they suspect child abuse. The specific provision in question states:

> The name of the person making the report, or any person mentioned in the report shall be confidential unless . . . a court, after a hearing, finds probable cause to believe that the report was not made in good faith and orders the department to make the name available.

33 V.S.A. § 683(d). The professional in question made a report to SRS based upon second-hand information. The allegations of abuse subsequently proved to be unfounded. Plaintiff petitioned the court for a hearing and an order disclosing the professional's name. The trial court found that the report "was made as if it were on first-hand knowledge by the reporter. That, in fact, turned out not to be true. That was an act of bad faith."

The State contends that the court erred in finding that the report of child abuse and neglect was made as if it were based upon the first-hand knowledge of the reporter. We agree.

Findings of fact will be set aside only when, taking the evidence in the light most favorable to the prevailing party and excluding the effects of modifying evidence, they are clearly erroneous. V.R.C.P. 52; *Brouha* v. *Postman*, 145 Vt. 449, 451, 491 A.2d 1038, 1039 (1985).

■ In this case, the record reveals no factual basis for the court's finding that the reporter misrepresented the source of the information. The SRS worker responsible for the intake of the report over the phone did not testify at the hearing. A second SRS worker, who took over the case, testified that, from the report, she believed that the information was first-hand. In addition, she testified that she did not realize that it was second-hand information until she spoke with the reporter during the course of the investigation. The fact that the second SRS worker misunderstood the nature of the information does not reflect the good or bad faith of the reporter. The court's finding that the *reporter* represented the information as first-hand is without evidentiary support. Thus, the court's finding is clearly erroneous, and must be set aside.

■ A trial court's conclusions cannot stand if unsupported by the findings. *Dartmouth Savings Bank* v. *F.O.S. Associates*, 145 Vt. 62, 66, 486 A.2d 623, 625 (1984). Here, the court's conclusion that the reporter acted in bad faith was based solely upon a finding that the report was made as if based on first-hand knowledge. That finding, being unsupported by the evidence, is clearly erroneous. Without support in the evidence or findings, the court's conclusion concerning the reporter's bad faith cannot stand.

*Reversed.*