### Jefferson Insurance Company v. Travelers Insurance Company

[614 A.2d 385]

No. 90-451

Present: **Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed June 19, 1992

Motion for Reargument Denied July 20, 1992

Richard K. Bowen and John J. Boylan, III, of Kiel & Boylan, Springfield, for Plaintiff-Appellant.

Ritchie E. Berger and Frederick S. Lane III of Dinse, Erdmann & Clapp, Burlington, for Defendant-Appellee.

**Dooley, J.** Plaintiff, Jefferson Insurance Company, appeals a superior court judgment denying its claim against defendant, Travelers Insurance Company, to readjust the shares of a settlement award the companies paid to a party in litigation against their insured. Plaintiff asserts error by the trial court in denying its claim for relief and allowing reformation of the contract between defendant and the insured, the Town of Weathersfield, to exclude liability coverage for the Town's ambulance service. We hold that plaintiff, having agreed on a settlement and paid an amount within its policy limit without reserving rights to later seek further contribution from defendant, waived the right to present such a claim. Therefore, we need not decide whether reformation of defendant's contract with the Town was proper. We affirm.

Prior to 1977, the Town held a comprehensive insurance policy with defendant, and it included liability coverage for the Town's ambulance service as well as the ambulance operators themselves. By letter dated January 27, 1977, defendant notified the Town, through its insurance broker, that it would no longer cover liability related to operation of the ambulance service and would phase out the coverage and payments therefor. The Town then obtained substitute insurance from plaintiff to cover liability related to its ambulance service. Plaintiff, which provided coverage up to a limit of $100,000 per incident, issued its policy to the Town without reliance on or knowledge

of the Town's policy with defendant. By mistake, defendant's comprehensive liability policy with the Town was not altered to exclude coverage of the ambulance service, although the premium payments were reduced as if the exclusion were in place.

On October 8, 1980, Patrick Standen suffered serious injuries in an automobile accident in the Town. He sued the Town and its ambulance operator, alleging negligence compounding his injuries when he was removed from the car at the scene of the accident. The Town immediately notified plaintiff, which undertook the Town's defense in the action. Defendant was not notified of the Standen claim until more than a year later. When notified, defendant requested information and copies of the pleadings, indicated its willingness to investigate the claim, but noted its lack of "direct knowledge of the circumstances involved" and the violation of policy conditions requiring prompt notification of claims. Defendant stated that it was "not prepared to tender coverage" at that time, and ten days later, through counsel, it denied provision of defense or indemnity for the Standen claim because of the ambulance service exclusion in its policy. The Standen case went to trial, and defendant sent counsel to observe. Defendant's counsel determined during the course of the trial that, given the evidence presented, a large judgment against the Town was likely if the case went to the jury. Concerned that such a judgment would exceed plaintiff's policy limits and force the Town to change its position and pursue defendant for indemnity, defendant explored settlement with plaintiff and Standen. A settlement was reached for a payment to Standen of $250,000. During settlement negotiations, plaintiff demanded that defendant either pay half of the costs of defense or pro rate the shares of the settlement according to the respective policy limits of the companies, which would have meant payments of 75% by defendant ($187,500), based on its limit of $300,000, and 25% by plaintiff ($62,500), based on its limit of $100,000.[1] Defendant, which continued to maintain that it was not liable for the claim, refused, agreeing to pay only

---

[1] The policy issued by each insurance company to the Town included a provision which limited liability on a loss insured by that company and another to an amount not greater as a "proportion of such loss bears to the total applicable limit of liability of all valid and collectible insurance [against] such loss."

$150,000. Plaintiff paid its full policy limit of $100,000. Neither company obtained any reservation of rights against the other, nor is there any evidence that either indicated that it intended to pursue contribution or indemnity from the other after making their agreed payments to Standen.

Plaintiff then filed suit against defendant in Windsor Superior Court, seeking contribution toward the cost of defending the Standen action and reimbursement from defendant for the difference between the amount paid to Standen and the amount it would have been required to pay had the companies' shares of liability been pro rated in proportion to their relative policy limits. The court found for defendant after reforming defendant's policy with the Town to exclude liability connected with the ambulance service. Having found no duty for defendant to defend or indemnify in the Standen action, the court held plaintiff was not entitled to contribution of costs of defense or return of part of its settlement payment.

On appeal, plaintiff attacks the trial court's ruling with respect to the coverage of activities of the ambulance service by defendant and argues further that defendant waived its right to deny coverage on the Standen claim. We do not reach these claims because we conclude that the settlement negotiation and ultimate agreement between the insurance companies, Standen, and the Town settled the rights, not only between the companies and Standen, but also between the two insurers.

■ Ordinarily, an insurer who defends and indemnifies on behalf of its insured will be subrogated to the rights of its insured. See *Lopez v. Concord General Mutual Ins. Group*, 155 Vt. 320, 324, 583 A.2d 602, 605 (1990); 8 V.S.A. § 4203(4). Plaintiff would, then, be in a position to exercise against defendant any rights retained by the Town with respect to the defense and indemnification of the Standen claim. Here, plaintiff asserts that defendant, through its liability to the Town on its insurance contract, is liable to plaintiff, subrogated to the Town's rights, for contribution towards the defense of the Standen claim and

for an adjustment so that each company will have paid its pro rata proportion of the settlement.[2]

■ ■ Rights of an insurer that would be gained through subrogation may be lost, however, through waiver or estoppel. *Lopez*, 156 Vt. at 324, 583 A.2d at 605. When an insurer undertakes the defense of a claim on behalf of its insured and pays out an award, it generally may preserve issues it disputes with its insured or another third party for later resolution only by specifically reserving rights to do so in an agreement with other parties to the settlement. See *American Fidelity Co. v. Kerr*, 138 Vt. 359, 363, 416 A.2d 163, 165 (1980) (unilateral reservation of rights is ineffective). Such an agreement allows for the prompt settlement of the underlying dispute while reserving rights for the insurer to later pursue an action under its contract with the insured for contribution or indemnity. See *Beatty v. Employers' Liability Assurance Corp.*, 106 Vt. 25, 34, 168 A. 919, 923 (1933). Thus, other courts have held that when, with knowledge of facts that would place liability for a loss on another insurer, an insurer negotiates and settles a claim against its insured without expressly reserving rights to pursue a cause of action for contribution, indemnity or subrogation at a later time, such a claim is waived. See *National Surety Corp. v. Western Fire & Indemnity Co.*, 318 F.2d 379, 386 (5th Cir. 1963)

---

[2] It is not clear from Vermont case law whether the pro rata distribution of liability of more than one insurance company applies at all in cases in which no legal duty to pay has yet arisen, such as here where the award to the party suing the insured was not made pursuant to a judgment, but instead came out of a settlement agreement. See *Norfolk & Dedham Fire Ins. Co. v. Aetna Casualty & Surety Co.*, 132 Vt. 341, 344, 318 A.2d 659, 661 (1974) (one who pays as "volunteer" rather than under legal duty can not be subrogated to rights of another). Cases from other jurisdictions are divided on the question of whether an insurer paying a settlement award for more than its pro rata share of liability pays as a volunteer and without the right to contribution. See, e.g., *Liberty Mutual Ins. Co. v. Standard Accident Ins. Co.*, 164 F. Supp. 261, 264 (S.D.N.Y. 1958), *aff'd*, 264 F.2d 671 (2d Cir. 1959) (allowing settling insurer, subrogated to rights of insured, to recover pro rata share of award from other insurer covering same loss); *Nationwide Mutual Ins. Co. v. Weeks-Allen Motor Co.*, 18 N.C. App. 689, 695, 198 S.E.2d 88, 92 (1973) (by settling claim for amount within policy limit, insurer acted as volunteer and could not be subrogated to rights of its insured). Because we hold that plaintiff waived any right to pursue defendant for contribution, we need not decide the issue for the instant case.

(relying on reservation of rights agreement between two insurance companies, which together paid a settlement award to a third party, to allow a later action for indemnification by one against the other); *Hanover Ins. Co. v. Travelers Indemnity Co.*, 239 F. Supp. 37, 40 (D. Conn. 1965), *aff'd*, 355 F.2d 552 (2d Cir. 1966) (one insurer, which paid $15,000 as part of settlement, waived its claim against the other, which paid $5,000, because it agreed to settlement after making demand for more from the other, but without an express reservation of the right to later alter their respective liabilities); *Lumbermens Mutual Casualty Co. v. Foremost Ins. Co.*, 425 So. 2d 1158, 1159–60 (Fla. Dist. Ct. App. 1983) (failure to obtain oral or written reservation of rights agreement waived right of settling insurance company to later pursue another insurer for contribution or indemnification).

The rationale behind these cases forms the basis of the rule, set forth in *Norfolk & Dedham Fire Insurance Co.*, 132 Vt. at 344, 318 A.2d at 661, that when an insurer makes a voluntary payment for which it is not liable, it cannot be subrogated to the rights of the insured. The rule is based on the policy that "[d]iscouraging voluntary payment encourages prompt resolution of disputes before payment has induced a change in reliance on payment and before passing time interferes with any determination that may be necessary as to the facts." *Id.* The absence of a reservation of rights requirement would result in an inhibition on the part of parties to enter into settlement agreements, because they could not be assured that an agreement would finally conclude their responsibilities in the matter. See *Mutual of Enumclaw Ins. Co. v. State Farm Mutual Automobile Ins. Co.*, 37 Wash. App. 690, 694, 682 P.2d 317, 319–20 (1984).

We have no difficulty in this case in finding that plaintiff waived any rights against defendant by failing to reserve them. The trial court specifically found that plaintiff did not expressly reserve its right to bring an action for contribution against defendant or any other party to the settlement. Instead, after its demand for greater contribution toward either the defense of the case or the settlement award was refused by defendant, plaintiff agreed to contribute the full amount of its policy limit.

The agreement reflected the relative liability positions of the two insurers, and defendant has a right to rely on the presumed final resolution of rights and responsibilities as between the companies.

At the time of the agreement, both insurers faced a risk that a jury award for Standen might subject the Town to financial liability far beyond the policy limits of both companies combined. The companies might then have been sued by the Town for bad faith failure to settle the claim at the lesser amount before the case went to the jury. See *Myers v. Ambassador Ins. Co.*, 146 Vt. 552, 558, 508 A.2d 689, 692 (1986). Defendant's risk was reduced by its claim that it had no obligation to indemnify or defend the Standen claim. Defendant's position at the time of the agreement was at least arguable,[3] and was likely a major factor in the allocation of liability between plaintiff and defendant. Each party had an opportunity to weigh its risk against the cost of settlement. Plaintiff reaped a benefit from its bargain by obtaining defendant's participation. We will not permit it to pursue defendant without warning for further contribution, when to do so would strip from defendant the benefit of certainty and finality that induced its participation in the settlement.

*Affirmed.*

---

[3] Plaintiff has argued in the trial court and here that defendant waived the issue of its own liability on the Standen claim through its conduct before and during the trial of that action, and its participation in the settlement. The availability of that argument was also part of the chemistry of the settlement agreement and presents no independent ground to say that the settlement did not end the dispute between plaintiff and defendant.