NGM Ins. Co. v. Firemen's Ins. Co. of Washington, D.C., No. 307-6-08 Wmcv (Wesley, J., Mar. 9, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                               **Civil Division**
**Windham Unit.**                                **Docket No. 307-6-08 Wmcv**

**NGM INSURANCE COMPANY and**
**BRIAN McGUIRE,**
     **Plaintiffs,**

     **v.**

**FIREMEN'S INSURANCE COMPANY**
**OF WASHINGTON, D.C.,**
     **Defendant.**

### Opinion and Order on
### Cross Motions for Summary Judgment

This case arises from a negligence action in which NGM Insurance Co. ("NGM") defended and settled a claim against Brian McGuire. NGM argues that Mr. McGuire was entitled to defense and indemnification from Firemen's Insurance Co. ("Firemen's") under a policy issued to his employer, Thayer Street Associates. NGM now and seeks reimbursement for expenses incurred defending and settling the suit.

Both parties have filed motions for summary judgment focusing, for the most part, on Mr. McGuire's status as either an independent contractor or employee. Firemen's also argues that NGM waived any claim against it by defending the prior litigation without a reservation of rights or non-waiver agreement. Because the Court finds that NGM has waived the claim against Firemen's, Defendant's Motion for Summary Judgment is **GRANTED**.

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, referred to in the statements required by Rule 56(c)(2), show that there is no genuine issue as to any

material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3). Where both parties seek summary judgment, "each must be given the benefit of all reasonable doubts and inferences when the opposing party's motion is being evaluated." *Northern Sec. Ins. Co. v. Rosenthal*, 2009 VT 83, ¶ 4, 186 Vt. 578 (citation omitted).

The undisputed facts are as follows. Dominic Pulitano filed a negligence suit after he was injured when temporary stairs built by Brian McGuire collapsed at a construction site. At the time of the accident, Mr. McGuire was engaged as a carpenter on the project by Thayer Street Associates ("Thayer Street") and insured as an independent contractor by NGM. Thayer Street was insured by Firemen's.

NGM defended the suit brought by Mr. Pulitano. During the course of this representation, NGM became aware of facts which suggested that Mr. McGuire was acting as an employee of Thayer Street, rather than an independent contractor.[1] Had Mr. McGuire been acting as an employee of Thayer Street, the accident would have been covered by Firemen's under Thayer Street's policy. However, NGM settled the case without reserving the right to pursue a cause of action for contribution, indemnity or subrogation against Firemen's at a later time.[2]

Shortly thereafter, NGM brought this suit alleging that it should be indemnified by Firemen's for its defense and settlement of the prior litigation, because Mr. McGuire was acting as an employee, rather than an independent contractor at the time of the accident.

In *Jefferson Insurance v. Travelers Insurance*, the Vermont Supreme Court held

---

[1] Admitted ¶31 of Firemen's Statement of Additional Undisputed Facts.
[2] Admitted ¶11 of Firemen's Statement of Additional Undisputed Facts.

"that when with knowledge of facts that would place liability for a loss on another insurer, an insurer negotiates and settles a claim against its insured without expressly reserving rights to pursue a cause of action for contribution, indemnity or subrogation at a later time, such a claim is waived." *Agency of Natural Resources v. Glens Falls Insurance Co.*, 169 Vt. 426, 436 (1999)(citing *Jefferson Insurance v. Travelers Insurance*, 159 Vt. 46 (1992)).[3]

NGM admits that it was aware of the facts when it settled the claim on behalf of Mr. McGuire which arguably placed liability on Firemen's, and that it never expressly reserved rights to seek indemnification, subrogation or contribution against Firemen's. Therefore, the claim against Firemen's has been waived. *Jefferson Insurance*, 159 Vt. at 50–51.

NGM almost entirely ignores Defendant's waiver argument. Its lone reference to this issue arises in its own motion for summary judgment which states, "McGuire, NGM and Firemen's agreed that the issue of Brian McGuire as an employee and all amounts paid pursuant to this settlement agreement and any and all costs would be preserved for this suit," citing the settlement agreement from the Pulitano Action. However, the settlement agreement provides no support for this contention. The relevant portion states:

> Nothing here shall constitute a waiver in the pending coverage
> action between NGM and Acadia. NGM and Acadia reserve the
> rights in the coverage action to pursue recovery amounts paid
> pursuant to this agreement and any and all costs set forth, or could
> be set forth in said action.

This agreement says nothing of reserving rights against Firemen's, or about the

---

[3] While Defendant has raised and briefed the issue of waiver in its motion for summary judgment, neither party cited or addressed these cases, although the Court concludes that the holdings squarely govern the outcome here.

status of Mr. McGuire as an employee and any possible effect that status might have on a subsequent claim by NGM against Fireman's.  Nothing in the settlement agreement referenced by NGM qualifies as an express reservation of rights pursuant to *Jefferson Insurance*.

*Choice of Law*

The issue of choice of law came up in Defendant's pleadings, where Defendant maintained that Massachusetts law should govern this dispute. Plaintiff never responded to this argument and each party relies heavily on Vermont law to support its arguments. Regardless, Plaintiff has not argued that Massachusetts law would require a different outcome, and it appears that it would not. See *Thach v. Safety Ins. Company*, 10 Mass.L.Rptr. 500, (Mass.Super.Ct. 1999) (citing *Sarnafil, Inc. v. Peerless Ins. Co.*, 418 Mass. 295, 309, 636 N.E.2d 247 (1994) ("A 'reservation of rights' letter is a device which allows the insurer to give notice to its insured of some policy concerns while at the same time continuing to act in accordance with its legal duties. This is an acceptable method for an insurer to preserve its rights to later disclaim coverage, should information subsequently obtained warrant such disclaimer, while at the same time giving the insured notice of a potential problem so the insured is not lulled into failing to act to protect himself."); *Northern Sec. Ins. Co., Inc. v. R.H. Realty Trust*, 78 Mass.App.Ct. 691, FN2 (Mass.App.Ct., 2011)(Representation with a reservation of rights permits the insurer to assume the defense of the claim against the policyholder without waiving, surrendering, or losing the right to contend that the claim is not subject to indemnity under the policy).

4

Based on the foregoing, it is hereby ORDERED:

Defendant's motion for summary judgment is **GRANTED**.

DATED                              , at Bennington, Vermont,


_____
John Wesley
Presiding Judge