NGM Ins. Co. v. Firemen's Ins. Co. of Washington, D.C., No. 307-6-08 Wmcv (Wesley, J., July 27, 2011)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

**STATE OF VERMONT**

**SUPERIOR COURT**                                   **Civil Division**
**Windham Unit.**                                    **Docket No. 307-6-08 Wmcv**

**NGM INSURANCE COMPANY and**
**BRIAN McGUIRE,**
　　　　**Plaintiffs,**

　　　　　**v.**

**FIREMEN'S INSURANCE COMPANY**
**OF WASHINGTON, D.C.,**
　　　　**Defendant.**

## Revised Opinion and Order on
## Cross Motions for Summary Judgment

On March 9, 2011, this Court granted Defendant's motion for summary judgment

based, in part, on a mistake of fact.[1] Plaintiff NGM filed a motion to set aside the

judgment. After clarification provided by a hearing and additional filings from each

party, the Court remains convinced that NGM cannot maintain an action against

Firemen's under these circumstances, and therefore **GRANTS** Defendant's Motion for

Summary Judgment.

Summary Judgment is appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, referred to in

the statements required by Rule 56(c)(2), show that there is no genuine issue as to any

material fact and that any party is entitled to judgment as a matter of law." V.R.C.P.

56(c)(3). Where both parties seek summary judgment, "each must be given the benefit of

all reasonable doubts and inferences when the opposing party's motion is being

---

[1] By their summary judgment pleadings, the parties failed to articulate the identity of interest between the entity referred to as "Acadia" and the entity referred to as "Firemen's", leading the court to conclude that any reservation of rights against Acadia was not relevant to the pending action against Firemen's. Although this revised opinion no longer includes this mistake of fact within the analysis, the Court substantially affirms its reasoning as previously expressed, much of which did not depend on the error.

evaluated." *Northern Sec. Ins. Co. v. Rosenthal*, 2009 VT 83, ¶ 4, 186 Vt. 578 (citation omitted).

## FACTS

The undisputed facts are as follows. Dominic Pulitano filed a negligence suit against Brian McGuire, among others, after Pulitano was injured when temporary stairs built by McGuire collapsed at a construction site ("Pulitano action"). At the time of the accident, McGuire was engaged as a carpenter at the construction site by Thayer Street Associates ("Thayer Street"). McGuire had in effect a liability policy issued by NGM Insurance Company ("NGM") covering his acts as an independent contractor. Firemen's Insurance Company ("Firemen's") insured Thayer Street and its employees.

Firemen's policy provides that Thayer Street's employees were insured "only for acts within the scope of their employment by [Thayer Street] or while performing duties related to the conduct of [Thayer Street's] business…" NGM's policy insured McGuire "only with respect to the conduct of a business of which you are the sole owner." The two policies are mutually exclusive with respect to the coverage provided by each. In responding to the Pulitano action, whether McGuire was entitled to a defense and indemnification from Firemen's or NGM depended upon his status as either an employee of Thayer Street, or an independent contractor operating his own business.[2]

Firemen's denied coverage of the Pulitano accident, asserting that McGuire was an independent contractor and not covered by its policy. NGM then undertook the

---

[2] NGM confuses this issue by asserting that each insurer is the "primary insurer" as to this accident, or that Firemen's is the "primary insurer" and NGM provided "excess coverage". Neither statement accurately describes the coverage provided by the policies in this case. Rather, the formulation appears to reflect NGM's effort to frame this case similarly to *Hathaway v. Tucker*, 2010 VT 114. *Tucker* involved co-primary insurers who each agreed to pay a portion of a settlement, and is not factually similar to this case. Here, either McGuire was an independent contractor, or he was an employee of Thayer Street, with the determination rendering one company the exclusive primary insurer, and the other as having no responsibility whatever for coverage.

defense of McGuire, but brought this action against Firemen's seeking a declaratory judgment to determine McGuire's employment status, and whether it, or Firemen's, was responsible for any defense or indemnification. Nevertheless, during the early stages of this declaratory action, NGM authorized a settlement of Pulitano's claims against McGuire by which it agreed to pay Pulitano $225,000. The settlement included the following stipulation, executed by both NGM and Firemen's:

> Nothing here shall constitute a waiver in the pending coverage action between NGM and [Firemen's]. NGM and [Firemen's] reserve the rights in the coverage action to pursue recovery amounts paid pursuant to this agreement and any and all costs set forth, or could be set forth in said action.

Although NGM never amended its declaratory judgment action to include a claim for subrogation, its claim on summary judgment is that Firemen's must indemnify it from the settlement amount. NGM argues that this result follows because the undisputed facts show that McGuire must be legally considered an employee of Thayer Street under the circumstances involved, regardless of any designation of "independent contractor" status the parties may have referenced. Firemen's also devotes much of its summary judgment argument to the proposition that the undisputed facts demonstrate that McGuire was properly considered an independent contractor under the parties' arrangement, and therefore NGM's defense and payment of the settlement was pursuant to its sole responsibility under the terms of its policy.

Nevertheless, and notwithstanding the reservation of rights quoted above, Firemen's further maintains that NGM has waived any claim against it and is barred from seeking recovery under a subrogation theory for its voluntary payment. As explained below, the Court does not reach the original issue framed by the declaratory judgment

3

complaint; that is, whether McGuire was an employee or an independent contractor. Rather, the Court concludes that, having settled the Pulitano claim on behalf of McGuire, NGM can establish no legal basis for a subrogation claim against Firemen's.

**DISCUSSION**

The Vermont Supreme Court has held "that when with knowledge of facts that would place liability for a loss on another insurer, an insurer negotiates and settles a claim against its insured without expressly reserving rights to pursue a cause of action for contribution, indemnity or subrogation at a later time, such a claim is waived." *Agency of Natural Resources v. Glens Falls Insurance Co.*, 169 Vt. 426, 436 (1999)(citing *Jefferson Insurance v. Travelers Insurance*, 159 Vt. 46, 50 (1992)).

Here, it is clear that NGM became aware of the facts which could place liability on Firemen's before settling the Pulitano action. Indeed, NGM had already brought the pending action for declaratory relief against Firemen's at the time of the settlement. Therefore, NGM's claim against Firemen's is waived unless the settlement effectively reserves rights to pursue a cause of action for contribution, indemnity or subrogation. *Jefferson Insurance*, 159 Vt. at 50. The Court cannot conclude that the language in the Pulitano settlement agreement, purportedly intended as a reservation of rights, shields NGM from Firemen's waiver argument. The stipulation is hardly a model of clarity. Even assuming that "the coverage action" to which the stipulation language refers is this action, at the time of the stipulation and settlement there had been no count plead in this action for any "recovery of amounts paid". Presumably the stipulation's reference to "could be set forth" was an attempt to denote the possibility of amending this action to include a subrogation claim, although as discussed below, no such amendment was

4

sought until the Court had already issued its original order of summary judgment. In short, this case as plead was not a subrogation action, and the vague reservation language in the settlement agreement was insufficient to convert it to a subrogation action, or to satisfy the requirements of *Jefferson Insurance* to avoid waiver.

Nevertheless, even if the stipulation is deemed sufficient to avoid waiver, the result is unaltered because there is no factual or legal basis for any claim by NGM against Firemen's for any recovery of the amounts it voluntarily paid as settlement proceeds. Because the two policies at issue in this case are mutually exclusive, there can be no cause of action against Firemen's for contribution, indemnity, or subrogation. Contribution is "the right that gives one of several persons who are liable on a common debt the ability to recover ratably from each of the others when that one person discharges the debt for the benefit of all…" Black's Law Dictionary 353 (8th ed. 2004). Indemnity is "the right of a party who is secondarily liable to recover from a party who is primarily liable…" *Id.* at 784. "Subrogation arises when one [] is compelled to pay a debt for which another is primarily liable and which, in good conscience, should have been discharged by the latter." *Norfolk & Dedham Fire Ins. Co. v. Aetna Casualty & Surety Co.*, 132 Vt. 341, 343 (1974).

Each of these causes of action requires that the initial payment be made under some obligation. Here, no such obligation existed. Whatever NGM may claim as to the meaning of the language in the stipulation on which it relies to dispute any waiver, it certainly can't claim that the stipulation represents an affirmative acknowledgment of any obligation on the part of Firemen's. For its own reasons, and without awaiting the declaration of coverage it sought by this action, NGM settled the Pulitano action on

5

behalf of Mr. McGuire. There are no disputed facts permitting the characterization of this settlement as other than a voluntary payment, and one that is inconsistent with any subsequent claim of contribution, indemnification or subrogation against NGM.

Indeed, when an insurer makes a payment for which it is not liable, such a payment is voluntary and cannot be subrogated. *Norfolk*, 132 Vt. at 344. Assuming *arguendo* that McGuire was an employee of Thayer Street, NGM had no obligation to provide coverage of the accident or make any payment on McGuire's behalf. Therefore, any payments made on behalf of McGuire must be considered voluntary and NGM cannot now seek to recover. *Id.*[3]

In sum, where only one of two insurers can be liable for a particular loss, and one proceeds to defend and settle the claim, no cause of action is created against the other insurer absent a writing specifying contractual remedies of a far more explicit nature than the purported "reservation of rights" executed in this matter. Therefore, regardless of McGuire's employment status at the time of the Pulitano accident, NGM cannot recover from Firemen's after having made a voluntary settlement. There is simply no mechanism for such recovery, or any cause of action available.[4]

---

[3] There has been mention of choice of law issues throughout the pleadings, but the Court finds it unnecessary to address them at any length in reaching the conclusions discussed in this opinion. Defendant initially filed a pleading entitled, "Notice of Massachusetts Law" but continued to cite Vermont authority throughout its filings. NGM never responded to this pleading but also relies on Vermont law throughout its filings. Neither party has argued that Massachusetts law would require a different outcome, and it appears that it would not. *Blair v. Claflin*, 310 Mass. 186, 191 (Mass. 1941)(subrogation is inapplicable where the plaintiff is a volunteer).

[4] NGM also argues that it may recover under a theory of "equitable contribution" citing *Cargill, Inc. v. Ace American Insurance Company*, 784 N.W.2d 341 (Minn. 2010). Like *Tucker*, *Cargill* involves co-primary insurers. All those from whom contribution was sought in that case had arguably mutual responsibility for extensive toxic tort claims, a set of circumstances quite unlike the present case. Whether or not the Vermont Supreme Court will recognize the theory of "equitable contribution", the Court is confident that it cannot be applied to the facts here.

6

**MOTION TO AMEND**

After the Court granted Defendant's motion for summary judgment and a motion to set aside was filed, NGM moved to amend its complaint. Vermont allows for liberal amendments to pleadings. V.R.C.P. 15(a); *Dartmouth College v. Kozaczek*, 2010 VT 113, ¶4. However, in rare cases the Court can deny an amendment based on (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Prive v. Vermont Asbestos Group*, 2010 VT 2, ¶12, 187 Vt. 280.

Here, the amended complaint is very similar to the original complaint. NGM describes its proposed amendment as a clarification "necessary to avoid the unfair argument of Firemen's that NGM, by allegedly saying it owed 'coverage' to McGuire 'admitted' that Firemen's did not owe coverage", and that the reason the amendment was filed was that "the Court invited clarification because there was confusion about the settlement, and because the pleadings did not address the effect of the settlement." NGM reasserts that "the Court should decide the case on the merits of the question whether Firemen's has coverage because McGuire is an employee of Thayer Street" and that "[t]he Court can do this with or without an Amended Complaint." As thus described, the amendment is unnecessary, even from the perspective of the moving party.

Furthermore, this motion to amend was filed after the Court had already granted Defendant's motion for summary judgment and while a motion to set aside that judgment was pending. Plaintiff's attempt to avoid summary judgment by seeking to amend the complaint can not be condoned under these circumstances.

Finally, it is readily apparent that the proposed amendment is futile. As explained above, even NGM concedes that this revised complaint is a mere clarification of the

7

original. While the new complaint seeks to make NGM's legal claims more explicit, they were adequately covered by the original pleading. To the extent NGM seeks to clarify its claims for contribution, indemnity or subrogation allegedly springing from the settlement and stipulation, the Court has already adequately explained the defects in such claims. For the foregoing reasons, NGM's Motion to Amend the Complaint is **DENIED**.

Based on the foregoing, it is hereby ORDERED:

Defendant's motion for summary judgment is **GRANTED**.

Plaintiff's Motion to Amend is **DENIED**.

DATED                              , at Bennington, Vermont,


_____
John Wesley
Presiding Judge